CASE 34—PETITION ORDINARY—JUNE 23.

# Parker vs. Jenkins.

**APPEAL FROM CAMPBELL CIRCUIT COURT.**

1. In an action for damages, the non-responsibility of the defendant for the injuries complained of, being established by uncontradicted evidence, the circuit court erred by refusing to instruct the jury to find as in case of a non-suit.

2. In cases of trespass or torts, accompanied by oppression, fraud, malice, or negligence so gross as to raise a presumption of malice, the jury have a discretion to award exemplary or vindictive damages. In all other cases of civil injury or breach of contract, the object is to give compensation to the party injured for the actual loss sustained. (*Sedgwick on Damages, pp.* 26, 33, 476, 477, *and* 479, 3d *ed; 2 Duv.,* 556.)

3. The amount of compensatory damages is a question of law, not governed by any arbitrary assessment, nor left to the fluctuating discretion of either judge or jury.—Compensation, in its legal signification, consists in remuneration for loss of time, necessary expenditures, and for permanent disability, if such be the result.

STEVENSON & MYERS and
F. M. WEBSTER,                                    For Appellant,
                              CITED—
  *Sedgwick on Damages,* 3d *ed., pp.* 33 *to* 35, 35 *to* 38, *and* 493; 1st *ed.,* 467–8.
  *Angell on Highways, sec.* 290.
  1 *B. Mon.,* 96–7; *Ferguson vs. Terry.*

J. R. HALLAM,                                    For Appellee,
                              CITED—
  *Revised Statutes, sec.* 1, *art.* 9, *chap.* 27.
  3 *Met.,* 297; *Allard vs. Smith.*
  3 *Mar.,* 360; *Biggs vs. McIlvaine's ex'x.*
  *Civil Code, subdiv.* 6 *of sec.* 369.
  2 *Met.,* 122; *Danville, etc., Turnp. R. Co. vs. Stewart.*

3bu 587
111 865

3bu587
115 579

3bu 587
122 619

3bu 587
133 391

·2 *Duvall*, 116; *L. & N. R. R. Co. vs. Collins.*
3 *Met.*, 313; *Bowler vs. Lane.*
*Act of March* 10, 1854, *secs.* 1, 3.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This judgment of one thousand dollars was recovered by appellee of appellant on the verdict of a jury in a suit to recover damages for the breaking of the wagon, and personal injury to appellee in the breaking a forearm and being bruised, caused by the fright of his horse, as alleged, from some cakes of ice which had been stacked up very near the turnpike road by appellant or her servants.

Two main errors are assigned—1. The improper refusal by the court to instruct as in case of non-suit. 2. As to the measure of damages.

The evidence, uncontradicted, showed that appellant's married son, who was in no manner subject to her control, was gathering ice from a pond hard by and removing it to his own ice-house in Newport, by his employees, who were in nowise under appellant's control, and that, because of the breaking of a wagon-bed, they had to leave some eight cakes of the ice, of twenty-two by thirty inches, just at her son's gate, near the turnpike road; and that, before these were removed, appellee came driving along in a trot, down the grade and across the bridge, and that, owing to the wagon's running against a post planted near the end of the bridge, for the purpose of preventing vehicles running off the embankment, the wagon was broken, appellee thrown from the wagon, his forearm broken, and he otherwise bruised.

As there is here a short turn in the road, it is insisted that the fast driving was the cause of the accident, and not the fright of the horse from the ice; but, however

plausible this may be, it is strictly a question for the jury upon the evidence.

But before any verdict and judgment can be rendered against appellant, it must be shown that the ice was hers, or that she had some control of those who left it there, in other words, some legal reason for her responsibility must be manifested; and when it appeared in evidence that the ice was being gathered by her son, by his own hired hands, for his own use, her non-responsibility was shown, which is not even slightly repelled by the only circumstance to fix her liability; that is, that after the accident, she being notified by the officers of the road company that an accident had occurred, and she must have the ice removed, she notified her son, and it was removed; for even this shows that she regarded her son and not herself as responsible; and fearing that some liability might attach to him, her maternal feelings would readily suggest to her to inform him, that he might remove the ice. The evidence established the entire disability of the appellee to attend to his business for several weeks, and that he had to hire a man to chop his wood, which he had previously done himself; that this labor was worth one dollar per day, and some three or four dollars per week for board; that his surgeon's bill was thirty dollars; and that, owing to the weakness of the arm, he could not labor for several months; but that the arm was likely to escape permanent injury or disability; that he had suffered much pain, &c. The court, at plaintiff's instance, instructed the jury, substantially, that if they believed, from the evidence, defendant, by herself or employees, put the ice there, and that it frightened plaintiff's horse and caused the injury to him and his wagon, they should find *such damages as, in their opinion, he has sustained thereby, not exceeding ten thousand dollars.*

*Sedgwick on Measure of Damages*, page 26, 3d edition, after reviewing the rules recognized by various nations, says: "Our law differs very materially from all these systems. By it, in all cases of civil injury or breach of contract, with the exception of those cases of trespasses or torts, accompanied by oppression, fraud, malice, *or negligence so gross as to raise a presumption of malice*, where the jury have a discretion to award exemplary or vindictive damages—in all other cases, the declared object is to give *compensation* to the party injured for the actual loss sustained; and the amount of this compensation is a question of law, not governed by any arbitrary assessment, *nor, on the other hand, left to the fluctuating discretion of either judge or jury.*"

At page 33, he analyzes the phrase *compensation*, and shows the difference between its common acceptation and judicial interpretation; the former embracing, even in cases untainted with malice, fraud, or willful wrong, actual pecuniary loss, directly or indirectly sustained, mental suffering, vexation and anxiety, value of time consumed in establishing, by legal process, contested rights, and the sense of wrong or insult resulting from a willful injustice, or deliberate intention to vex, degrade, or insult; whilst the legal meaning of the term is very different.

And at page 476, this author quotes, with approbation, the rule as laid down by the supreme court of North Carolina, in *Wylie vs. Smitherman* (8 *Ired.*, 236). In an action of trespass for destroying a building by fire, the proper measure, said the court, is the real value of the property destroyed, unless the trespass is wanton or malicious, when vindictive damages may be given.

And at page 477, he states the rule to be, that where gross fraud, malice or oppression, appears, the jury may

Parker vs. Jenkins. *

impose a punishment on the defendant, and hold up an example to the community.

At page 479, it is said : Damages are graduated by the intent of the party committing the wrong, the rule being, that if the rights of another party are invaded, although without evil design, and even if the act be purely accidental, the trespass must be answered for in damages. And these rules are consistent with the former decisions of this court, especially in the late case of *Louisville and Portland Railroad Company vs. Smith*, 2 *Duvall*, 556, in which compensatory damages alone were allowed to a passenger who had been injured by the upsetting of the car on appellant's road, produced by the careless driving of appellant's employee.

Compensation, in its legal signification, consists in remuneration for loss of time, necessary expenditures, and for permanent disability, if such be the result, and the court should have so informed the jury, instead of leaving to them to determine the legal import of the true damages sustained by the plaintiff.

There is no proof of either express malice, or such gross negligence as to imply it in this case, even if appellant's legal responsibility had been established.

The court erred in overruling plaintiff's motion for a non-suit, and erred in the first instruction to the jury; also, in refusing some of defendant's instructions, which are in harmony with this opinion.

Wherefore, the judgment is reversed, with directions for a new trial, and further proceedings consistent herewith. The bill of exceptions must be regarded.