*Kiddoo, Morvell, for appellants.*

*Kennedy, for appellee.*

---

BELTZ REICHMAN *v.* R. STOKLE ET UX.

Negligence—Damages for Personal Injury.

In cases where the negligence is in leaving a horse and wagon without an attendant, or any way secured or guarded, exemplary or vindictive damages are not to be given unless the negligence complained of is so gross as to raise the presumption of malice.

Same—Instructions.

It was error to leave it discretionary to the jury to find such damages as the plaintiff sustained not exceeding the amount claimed in the petition.

Same—Damages.

The instruction should be for compensation and remuneration for loss of time, necssary expenditures and permanent disability.

APPEAL FROM CAMPBELL CIRCUIT COURT.

October 7, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Two principal errors are assigned for the reversal of the judgment:

First, that the court refused to instruct the jury peremptorily to find for appellants, as asked by them.

And, second, in giving the instruction as asked by appellees.

The evidence shows that the horse of appellants harnessed to a wagon was running on the street uncontrolled and without a driver, and it is not shown that he was when he took fright within the inclosure of appellants, or any way secured by being fastened, or guarded by a driver, or otherwise; hence said instruction asked for by them was properly refused by the court.

In cases of this character the rule is that exemplary or vindictive damages are not to be given unless the *negligence* complained of is so gross as to raise the presumption of malice. The evidence in this case conduces to show that the horse was quiet, well broken, accustomed to harness, and not easily frightened, and no evidence of gross negligence. It was therefore erroneous to leave it discretionary to the jury to find such damages as the appellees sustained not exceeding the amount claimed in the petition, and not to be restricted to the actual damage proved. Whereby they were in their discretion told in effect that they might give vindictive or exemplary damages, when they should have been compensatory, remunerating the injured party for loss of time, necessary expenditures and permanent disability. The instruction is inconsistent with the ruling of this court in *Parker v. Jenkins, 3 Bush, 587*, and with the authorities there cited.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and further proceedings consistent herewith.

*Webster, for appellants.*

*Hawkins, for appellees.*