Muldraugh's Hill, Campbellsville and Columbia T. P. Co. v. Maupin.

CASE 20—ORDINARY—NOVEMBER 11, 1880.

# Muldraugh's Hill, Campbellsville and Columbia Turnpike Co. v. Maupin.

### APPEAL FROM TAYLOR CIRCUIT COURT.

1. The court erred in refusing to require appellee to elect which of the first two paragraphs of his petition he would prosecute. The third contains no cause of action.

2. Evidence of injury to appellee's child should not have been permitted; but as the jury were instructed that they should not find any damages on that account, the judgment should not be reversed therefor. Proof that another bridge was out of repair was error.

3. The professional opinion of a physician as to the extent of appellee's injuries was competent.

4. But the opinion of the witness as to the amount of damages appellee should recover was incompetent.

5. The first and second instructions are erroneous.

6. Appellant is only bound to exercise ordinary care.

7. Notice to a gate-keeper of appellant's that their bridge was out of repair was sufficient.

P. B. THOMPSON, JR., FOR APPELLANT.

1. The demurrer to each paragraph of the petition should have been sustained.

2. Appellant is only bound to exercise ordinary diligence. There is no averment of want of such care. (Sherman & Redfield on Negligence, secs. 18, 351, 6.)

3. The court erred in permitting evidence of injury to appellee's child, and in allowing the physician, Dr. Bass, to put a pecuniary estimate upon the suffering of appellee. Proof that another bridge than that mentioned in the petition was out of repair was incompetent.

4. Instruction number one makes appellant responsible whether it was guilty or not. The second instruction is also erroneous.

JAMES M. WOOD AND RUSSELL & AVERITT FOR APPELLEE.

1. Anticipating that appellant would rely upon the fact that appellee was a good horseman and of sober habits, it was necessary to show that he was encumbered with his child, to meet that phase of contributory negligence.

2. The evidence of Dr. Bass was competent to show the extent of appellee's injuries.

3. Instructions one and two are evidently more favorable to appellant than the law allows.

Muldraugh's Hill, Campbellsville and Columbia T. P. Co. v. Maupin.

4. We think it was competent to prove that another bridge, in close·
   proximity to the one causing the injury, was in bad repair.
5. The damages are not excessive.

D. G. MITCHELL FOR APPELLEE.

1. It was competent to prove that appellee, in his attempt to shield his·
   child from injury, received greater injuries than he would otherwise·
   have done.
2. Both the first and second paragraphs contain a complete cause of·
   action.
3. The instructions contain the law, and are quite as favorable to appel--
   lant as was proper.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

We perceive no valid objection to the first or second
paragraph of the petition, but the third fails to state any
facts whatever.   It simply sums up the damages claimed to·
have resulted from the facts stated in the preceding para-
graphs, and prays judgment for the aggregate of the sums·
claimed in the preceding paragraphs.   The demurrer to
that paragraph should have been sustained.

We are also of the opinion that the court should have·
sustained the appellant's motion to require the appellee to·
elect which of the paragraphs he would prosecute.

The petition plainly shows that the two paragraphs relate
to the same occurrence and injury.   It is expressly so·
alleged, and the only difference between them is, that the
facts are set out more in detail in the second than in the
first paragraph, and gross negligence is alleged in the latter
and is not alleged in the former.   The evidence required to·
support one would support the other.   The allegation of·
negligence is sufficient to entitle the plaintiff to recover in
an action like this for any degree of culpable negligence that
may be established by the evidence.

When the petition shows that several paragraphs relate to·
the same cause of action, the plaintiff should be required to·

Muldraugh's Hill, Campbellsville and Columbia T. P. Co. v. Maupin.

elect to prosecute one of the paragraphs, and the others should be stricken out, unless the plaintiff shall allege that the fact, as stated in one or the other of the paragraphs, is true, but he does not know which of them is true. (Subsection 4, section 113, Civil Code.)

The court should not have permitted evidence of injury to the child to go to the jury; but as they were told they should not find any thing for the appellee on account of such injury, we should not reverse for that error alone. Evidence that another bridge near by was out of repair was also improperly admitted.

Dr. Bass' statement, that if he were examining the appellee for a pension, he would allow him one fourth, we understand to be his professional opinion that his capacity for labor is reduced one fourth by the rupture. This, we think, was competent. The jury cannot be supposed to be familiar with the character of that injury, or to be able, unaided, to properly estimate its effect in impairing the appellee's capacity to earn money, and hence it was proper to allow them to be enlightened by expert testimony. But the witness should not have been permitted to intimate what he regarded as proper compensation for the injury. That was a question for the jury, and on which expert testimony was not competent, nor should he have been permitted to intimate what the damage would be from apprehension of death from the injury.

The first and second instructions are erroneous. The first made the appellant liable without regard to negligence on its part, and the second authorized the jury to give punitive damages if the bridge was in a dangerous condition, and that fact was known to the agents of the company, or

by *ordinary* diligence could have been ascertained, and they failed within a reasonable time to have the same repaired.

The company is only bound to ordinary care, and is, therefore, not liable at all, unless it failed to exercise that degree of care; and the fact that the appellant's horse, by reason of a defect in the bridge, fell through it, or became entangled with loose timbers thereon, is not conclusive evidence of negligence; nor is the fact that the agents of the company might have discovered the defect, if one existed, by the exercise of *ordinary* care, evidence of gross negligence.

The jury should have been told, in the first instruction, that if the bridge was in a dangerous condition, and that fact was known to any of the agents of the company connected with the repair or general management of the road, including the gate-keepers nearest to the bridge on each side, or by ordinary care might have been known to any of them long enough before the injury to the appellee to enable the company, by reasonable diligence, to repair it, they should find for the plaintiff, unless he was guilty of negligence which directly contributed to the accident.

And they should have been told, in the second instruction, that if the bridge was in a dangerous condition, and the fact was known to any of the agents designated in the first instruction, and the company failed for an unreasonable time after such knowledge to repair it, they might give punitive damages, provided the condition of the bridge was such as to indicate recklessness or a wanton disregard of the safety of persons traveling on the road. (Sherman & Redfield on Negligence, sec. 600, note 2, 3d ed.)

Counsel for the appellant contends that notice to a gate-keeper of defects in the road is not notice to the company,

Muldraugh's Hill, Campbellsville and Columbia T. P. Co. v. Maupin.

because they are not general agents, and it is not their duty to repair the road.   In this we cannot concur.   Notice may, by statute, be given to the nearest gate-keeper when the road becomes impassable (section 8, chapter 110, General Statutes), and we think notice to them of dangerous defects should be deemed sufficient.

Such of appellant's instructions as were proper were embodied in the court's instructions, and those not given were properly refused.

Neither party asked, nor did the court give to the jury, a criterion of damages.   They should have been told that if they found for the plaintiff they should allow him reasonable compensation for expenses in providing trusses (that being the only expense alleged), for loss of time, if any, and for the permanent reduction of his power to earn money, resulting from any injury caused by being thrown from his horse ; and that if they found punitive damages, such additional sum as they might deem just and proper, under all the circumstances in evidence.

Judgment reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.