· NEWPORT & DAYTON ST. R. CO. *v.* CITY OF NEWPORT.

[Abstract Kentucky Law Reporter, Vol. 1—404.]

**City Franchise—Injunction.**
>    Where power is given a city to grant a franchise to a street car
> company to operate a line of horse cars on flat rails in the streets of
> the city, and such franchise is granted, if the street car company there-
> after, under its franchise, attempts to relay the rails and replace
> them by other kind of rails, with a view to operate steam cars on such
> streets, it may be enjoined from doing so.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 18, 1880.

OPINION BY JUDGE PRYOR:

The charter of the appellant authorizes the construction of the
street railway by the consent of the city council of Newport, and the
terms and conditions upon which this consent was obtained is found
in the ordinance of the 17th of September, 1870. That authorizes
the construction of the railway to be operated with horse cars upon
a flat rail track. The company undertakes, after this consent by the
city, to reconstruct the track or relay the rails, with a view of run-
ning their cars with other than horsepower without any license from
the city. Their charter under which they are acting leaves the
question as to the propriety and safety of a change in the motive
power by which its cars are run to the city. When the company at-
tempted to relay the track with the avowed purpose of using steam
power we see no reason why the chancellor should not interfere.
The object of the injunction was to prevent the change upon the
idea, doubtless, that the public convenience and safety required such
steps to be taken by the city authorities.

The chancellor, upon the hearing of a motion made to dissolve
the injunction, modified it as originally granted and entered an order,
the effect of which was "to restrain the company from running its
cars by any other than animal power," and the objection now made is
that no such relief is authorized by the petition. The chancellor, on
the hearing of the motion no doubt considered, as he should have
done, the purpose for which the petition was filed and the nature of
the relief required, and when it was charged in the pleading of the
appellee "that appellant was making the change in the track with a
view and for the purpose of running a steam car," he not only had

the power, but it was his duty, if justified by the facts, to confine the operation of the injunction to restraining the company from the use of steam power, and that he has done by the order already referred to.

The fact that at the time the order was entered the company was using animal power instead of steam did not authorize the company, after the order had been made, to use steam power, as it was in direct violation of the order made by the chancellor. The statements of the petition authorized such an injunction when the petition was filed, and the chancellor, supposing that the injunction as originally granted would embarrass the company in even running its cars with animal power, said that it should not operate so as to prevent the company from repairing its track; and as the sole purpose of the appellee was to prevent the use of steam power he would enter an order preventing its use. This was clearly within the range of the prayer for relief, and the response was properly adjudged insufficient. If the appellants are not using steam power the motion to punish for contempt will be dismissed, but if using it after the order was entered by the chancellor it was in violation of both the agreement made with the city and the order of injunction.

Judgment *affirmed*.

*J. R. Hallam,* for appellant.   *A. T. Root,* for appellee.