CASE 86—ACTION BY W. E. LOGSDON AGAINST L. & N. R. R. CO. FOR PERSONAL INJURIES.—FEB. 10.

## Louisville & N. R. R. Co. v. Logsdon.

APPEAL FROM HART CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

RAILROADS—LICENSEE—INJURY—MEASURE OF DAMAGES—DEFINITION OF NEGLIGENCE—ORDINARY CARE—GROSS NEGLIGENCE—SUBMISSION OF TO JURY—COMPENSATION FOR INJURIES.

Held: 1. In a personal injury case, it is error to instruct that the jury should consider the time plaintiff has lost or may lose, the pain he has endured or may endure, and the disability to labor and enjoy life which he has suffered or may suffer from the injuries, and the expense incurred or which may be incurred in the treatment of the injuries; the proper elements of damage being the reasonable expense of cure, including any expense reasonably certain to be afterwards necessarily incurred, the fair value of the time lost or which he is reasonably certain may be lost, and a fair compensation for the physical and mental suffering endured or which it is reasonably certain will be endured, and any permanent reduction of earning power.

Louisville & N. R. R. Co. v. Logsdon.

2. Having defined "negligence" as meaning the failure to use ordinary care, it is proper to state in another instruction that, if the jury believed defendant "negligently" pushed one of its cars against the one in which plaintiff, a licensee, was, etc., they should find for plaintiff.

3. Ordinary care is such care as a man of ordinary prudence might reasonably be expected to exercise under like circumstances.

4. At the request of his father, plaintiff was loading a timber car on a side track, which the father had secured from defendant railroad company. Defendant's freight train pulled in on the main line, about opposite the lumber car, which was in plain view of the trainmen, and the engine went up to the switch with a flat car loaded with rock, and sent it down on the side track. A brakeman on the rock car undertook to stop it before it reached the lumber car, but failed to do so, and in the ensuing collision plaintiff was injured. HELD, that the question of gross negligence was properly submitted to the jury.

B. D. WARFIELD, FOR APPELLANT.

J. A. MITCHELL, OF COUNSEL.

### CLASSIFICATION OF POINTS DISCUSSED.

1. Many of the remarkable averments of the petition are either positively disproved by, or fail to be supported by, the evidence.

2. The evidence substantially stated and analyzed.

3. The court erred in permitting appellee to prove rules 117a, 117b, and 203 of appellant's book of rules, for the reason that the rules were wholly inapplicable to and contradictory of the point on which they were offered. And, in this same connection, the court erred in refusing appellant's request to give instruction "D," offered for the purpose of neutralizing, as far as possible, the error of the court in permitting said rules to be proven over appellant's objection.

4. The court erred in giving instructions Nos. 1, 2, 3, 4, 5 and 6 asked by appellee.

5. Objection 1 was objectionable (a) in giving prominence to certain parts of the evidence, a practice upon which this court has animadverted in many cases. C. & O. Ry. Co. v. Judd's Admrx., 20 Ky. Law Rep., 1978; Ky. Tobacco Association v. Ashley, 5 Ky. Law Rep., 184; Comth. v. Hourigan, 89 Ky., 305; Flood v. Pragoff, 79 Ky., 607; Jones v. Jones, 19 Ky. Law Rep., 1516. (b) It was also objectionable in that it did not define the word "negligently," as used therein; (c) it

is objectionable that it does not give to the jury the criterion of compensatory damages, and permits the jury to consider other elements than those which this court has held enter into the estimation of compensatory damages; N. N. & M. V. Co. v. Walker, 14 Ky. Law Rep., 175; Muldraugh's Hill, C. & C. T. P. Co. v. Maupin, 79 Ky., 101; C. P. R. R. Co. v. Kuhn, 86 Ky., 578; Parker v. Jenkins, 3 Bush, 560; K. C. R. R. Co. v. Ackley, 87 Ky., 278; Standard Oil Co v. Tierney, 96 Ky., 89; (d) it is objectionable in that it does not limit the jury as to any lost time or suffering appellee may endure in the future to such as it is reasonably certain under the proof will result; L. S. R. R. Co. v. Minogue, 90 Ky., 369; (e) it is objectionable in that it permits the jury, among other things, to give appellee damages for "the disability to labor, move about, and enjoy life;" none of which are proper elements of damage. The impairment of his power to earn money, if any, would be an element of damage, but in no state of case would his disability to "move about and enjoy life" be an element of damage; (f) it is objectionable in that it authorized a recovery for expenses incurred, or which may hereafter be incurred, when there is not the slightest evidence as to what if any expenses have been incurred, or as to any probability of any expenses being incurred in the future; (g) it is objectionable in leaving out of the view of the jury altogether the contributory negligence, if any, of appellee, and in not referring to any other instruction as necessary to be read by the jury in connection with instruction No. 1, on this point. Carter v. Howard, 11 Ky. Law Rep., 443; Culbertson v. McCullom, 1 Ky. Law Rep., 267.

6. Instruction No. 2 was objectionable for the same reason pointed out as to instruction No. 1, in giving undue prominence to part of the evidence; and in submitting to the jury a wholly immaterial and prejudicial issue.

7. Instructions Nos. 3 and 4, are expressed in inapt language and are therefore misleading. Needham v. L. & N. R. R. Co., 85 Ky., 423.

8. Instruction No. 5 is erroneous in that (a) it gives the jury no criterion by which to measure the "actual damages;" (b) it does not limit the future damages to such as are reasonably certain under the proof to accrue; (c) it authorizes punitive damages which are not warranted by the proof in this case. L. & N. R. R. Co. v. Bell, 100 Ky., 203; L. & N. R. R. Co. v. Bernard, 18 Ky. Law Rep., 672; L. & N. R. R. Co. v. Law, 14 Ky. Law Rep., 850; Standard Oil

Co. v. Tierney, 96 Ky., 89; Creighton and Stock Cases, 20 Ky. Law Rep., 1691.

9. Instruction No. 6 is wholly improper and erroneous because there was not the slightest evidence on which to base it. It wrongfully submitted to the jury an issue which there was no proof to sustain.

10. The proof shows appellee to have been guilty of contributory negligence; this issue was not properly submitted to the jury. P. & M. R. R. Co. v. Hoehl, 12 Bush, 41; K. C. R. Co. v. Thomas' Admr., 79 Ky., 160.

11. The instructions were inconsistent and therefore worse than none. Clay's Heirs v. Miller, 3 Mon., 146; Tate v. Parrish, 7 Mon., 325; Carter v. Howard, 11 Ky. Law Rep., 443; Gaines v. Buford, 1 Dana, 502; Eisfelder v. Klein, 5 Ky. Law Rep., 138; Finch v. Shackelford, 7 Ky. Law Rep., 605; L. & N. R. R. Co. v. Murphy, 6 Ky. Law Rep., 662; K. C. Ry. Co. v. Martin, 12 Ky. Law Rep., 717.

12. The damages are grossly excessive, appearing to have been given under the influence of passion or prejudice. Louisville Water Co. v. Upton, 18 Ky. Law Rep., 326; L. & N. R. R. Co. v. Lowe, decided Feb. 19, 1902; S. C. & C. S. R. Co. v. Ware, 84 Ky., 267; L. S. R. R. Co. v. Minogue, 90 Ky., 369; L. & N. R. R. Co. v. Foley, 94 Ky., 220; L. & N. R. R. Co. v. Law, 14 Ky. Law Rep., 850; L. & N. R. R. Co. v. Survant, 96 Ky., 197; Civil Code, sec. 340.

S. M. PAYTON & W. S. PRYOR, FOR APPELLEE.

Appellee, a young man, twenty-two years of age, capable of earning from two to five dollars a day, while engaged with his father in loading a car on appellant's track, with lumber, was injured by the negligence of the appellant's servants in running a heavy loaded train of cars against the one in which appellee was working, causing the lumber in the car in which he was, to fall over on him and inflict an injury by breaking his ankle bone, that not only caused him great bodily pain, but made him a cripple for life.

He was at the time helping his father load said car with heavy lumber for shipment on appellant's railroad and the car he was loading was standing on appellant's switch, and he was therefore a licensee. His father saw the danger and jumped from the car and escaped injury, but appellee did not know of the approach of the train until it struck the car he was in and caused the lumber to fall over on him and injure him.

We contend that he was not guilty of contributory negli-

gence in failing to jump from the car in which he was working, even if he had known the ballast train was approaching, and if he had jumped and been injured, appellant would have claimed that that would have been contributory neglect, and that if he had remained in the car he would not have been injured. He suffered for seven or eight weeks, both day and night, having his foot swung to a staple in the ceiling to ease his pain.

We contend that the instructions given by the court, defining damages by way of compensation, were correct and were approved by this court in L. & N. R. R. Co. v. Mitchell, 10 Rep., 211, and under the evidence we claim that it was the province of the jury to award punitive damages.

### AUTHORITIES CITED.

L. & N. R. R. Co. v. Mitchell, 10 R., 211; Loeser v. Axter, 12 Rep., 676; L. & N. R. R. Co v. Turner, 12 R., 606; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; 11 Bush, 509; L. & N. R. R. Co. v. Connelly, 9 R., 993; Alexander v. L. & N. R. R. Co. 83 Ky., 589; L. & N. R. R. Co. v. Minogue, 90 Ky.; L. & N. R. R. Co. v. Foley, 94 Ky, 220; Ky. Central v. Smith, 14 R., 455; Ky. Cent. v. Ryle, 13 R., 862; L. & N. R. R. Co. v. Popp, 16 R.; L. & N. R. R. Co. v. Greer, 16 R., 667; L. & N. R. R. Co. v. Sheets, 11 R., 781; Beaumeister & Bro. v. Markham, 19 R., 309; L. H. & S. L. v. Lyon, 22 R., 544; C. & O. Ry. Co. v. Davis, &c., 22 R., 1156; So. Ry. Co. v. Cooper, 23 R., 290; L. & N. R. R. Co. v. Caruthers, 23 R., 1673; Western Union v. Engler, 21 C. C. A., 246; Shumacker v. St. L. & S. F. Ry. Co., 39 Fed., R., 174; Osborne v. City of Detroit, 32 Fed. R., 36; Illinois Central v. Davidson, 76 Fed. R., 517; Brown v. Evans, 17 Fed. Rep., 912; L. & N. R. R. Co. v. Penrod's Admr., 23 R.; Press Pub. Co. v. Monroe, 19 C. C. A.; Wilson v. Vaughn, 23 Fed. Rep., 229.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Logsdon, who is twenty-two years of age, was helping his father load a car with lumber at Munfordville, Ky., in April, 1901, on a side track of appellant's road at that point. While they were in the car, loading it, a freight train pulled in on the main line about opposite to them. The engine then went up to the switch with a flat car loaded with rock, and sent it down on the side

track on which the car stood in which they were working. A brakeman was on the rock car, and undertook to stop it before it reached the car in which they were working; but, either from the force with which it was sent in, or its weight, or the fault of the brake or of the brakeman, the car was not stopped, and collided with the other car with great force. The brakeman jumped off just before the collision. Appellee's father also jumped off their car, and called to appellee to jump, but he did not understand, and, before he could get out, the collision occurred, jamming the lumber against his ankle, breaking one of the bones, and painfully injuring it. The freight car had been set there by the company for them to load, and the trainmen saw it there before they jerked the rock car in. By "jerking a car in" is meant giving it a jerk with the engine, and letting it run without the engine being attached to it. The jury found for appellee, and fixed his damages at $8,000.

Instruction 1 given by the court is in these words: "If you shall believe from the evidence that the plaintiff came upon the premises of the defendant at the request of his father, and at his request engaged in loading a car with lumber that had been engaged by his father from the defendant for the shipment of his lumber over the road of the defendant, and that while plaintiff was so there and so engaged the defendant, its agents or employes, in control and management of its engine and cars, did negligently push, shove, or throw one of its said cars against the one which had been let to his father, and in which plaintiff was located in loading said car, if he was so located, and thereby catch and injure him in said lumber and car, you should find for the plaintiff the damages which he sustained thereby, taking into your consideration the time he has lost

or may hereafter lose, if any; the pain and suffering he has endured or may hereafter endue, if any; the disability to labor, move about, and enjoy life which he has suffered or may hereafter suffer, if any; directly resulting to him from said injuries, and the expense he has incurred or may hereafter necessarily incur, if any, in the treatment of his said injuries, not to exceed in all the amount sued for herein, which is $20,000." This instruction did not correctly define the measure of damages. In L. C. & L. Railroad v. Case's Admr., 72 Ky., 736, this court said: "The term 'compensation,' when applied to damages, has a fixed legal signification much more restricted than its common or general acceptation. In actions for personal injuries where death does not ensue, it is confined to the expense of cure, the value of time lost, a fair compensation for the physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money." This was followed in L. & N. Railroad v. Fox, 74 Ky., 509; Muldraugh's Hill, etc., Turnpike Co. v. Maupin, 79 Ky., 101, (1 R., 404) Kentucky Central Railroad v. Ackley, 87 Ky., 278 (10 R., 170), 8 S. W., 691, 12 Am. St. Rep., 480; Standard Oil Co. v. Tierney, 92 Ky., 367 (13 R., 626), 17 S. W., 1025, 14 L. R. A., 677, 36 Am. St. Rep., 595; and many subsequent cases. The authorities elsewhere are uniform to the same effect. 2 Shearman & Redfield on Negligence, 758. The case of L. & N. Railroad v. Mitchell, 87 Ky., 327 (10 R., 211), 8 S. W., 706, does not conflict with this rule, as the question was not considered there by the court, or, so far as appears, made by counsel. The case went off on other grounds. The court here should have told the jury that, if they found for the plaintiff, the measure of damages was the reasonable expenses of his cure, including any expense that it was reasonably cer-

Louisville & N. R. R. Co. v. Logsdon.

tain he would thereafter necessarily incur; the fair value of the time lost by him, or which it was reasonably certain he would thereafter lose; and a fair compensation for the physical and mental suffering endured by him, or which it was reasonably certain he would endure; as well as for any permanent reduction of his power to earn money by reason of his injuries.

The court defined the word "negligence" as meaning the failure to use ordinary care, and with this definition we see no objection to the use of the word "negligently" in this instruction.    The question of contributory negligence was aptly submitted to the jury by another instruction.    The definition of "ordinary care" should have been "such care as a man of ordinary prudence might reasonably be expected to exercise under like circumstances." The question of gross negligence was properly left to the jury under the evidence, in view of the violence of the collision and the fact that the car was jerked in by the crew with the knowledge that the other car in which the men were working was standing on the side track, and so near the switch.

Rules 117a and 117b should not have been read to the jury, as they do not illustrate anything in the case.    Rule 203 was properly allowed to be read.

Judgment reversed, and cause remanded for a new trial.