CASE 69.—ACTION BY CHARLES E. FULLER AND HIS WIFE
WINIFRED FULLER AGAINST THE LOUISVILLE
GAS CO. FOR DAMAGES FOR PERSONAL INJURIES
SUSTAINED BY MRS. FULLER.—April 17.

## Louisville Gas Co. v. Fuller &c.

Appeal from Jefferson Circuit· Court. (Common
Pleas Branch, First Division.)

EMMET FIELD, Judge.

Judgment for plaintiffs. Defendant appeals
Reversed.

1. Negligence—Personal Injuries—Contributory Negligence—Evi-
dence—Questions for Jury—In an action for personal injuries
resulting from the alleged negligence of defendant gas
company's employee in leaving open a·trap-door in plaintiff's
house, the question of plaintiff's contributory negligence held,
under the proof, one for the jury.

2. Damages—Instructions—In an action for personal injuries, an
instruction that, if the jury found in favor of plaintiff, they
should assess such sum in damages as would fairly compen-
sate her for the injuries sustained, including such sum as
would reasonably compensate her for her pain and suffering,
mental and physical, by reason of the injuries, and for any
permanent injury, if any, which diminished her capacity for
labor and enjoyment of life, caused directly by her injuries,
was erroneous, as leaving to the jury to say, not only how
much. damages plaintiff should recover, but to consider any-
thing they might deem proper elements of such damages; in
such actions, where death does not ensue, compensatory·
damages being confined to the expense of cure, value of time
lost, and fair compensation for physical and mental suffering
caused by the injury, and for any permanent reduction of the
power to earn money.

FAIRLEIGH, STRAUS & FAIRLEIGH for appellant.

A reversal of the judgment is asked on the following grounds:

Louisville Gas Co. v. Fuller &c.

1. The court below should have instructed the jury peremptorily to find for appellant.

2. The verdict of the jury is contrary to the evidence.

3. The evidence is not sufficient to support an instruction allowing the jury to find damages for permanent injury; there was no evidence of permanent injury.

4. The court erroneously instructed the jury as to the measure of damages.

5. The verdict is excessive and for this reason should be set aside.

AUTHORITIES CITED.

Louisville Southern R. R. Co. v. Minogue, 90 Ky., 376; H. B. Phillips Co. v. Pruitt, 26th Ky. Law Rep., 831; Parker v. Jenkins, 3 Bush, 391; Cincinnati & Lexington R. R. Co. v. Case's Admr., 9 Bush, 736; C. & O. R. R. Co. v. Jordon, 76 Southwestern, 146; L. & N. R. R. Co. v. Fox, 11 Bush, 495; Kentucky Central Railway Co. v. McMurtry, 3 Ky. Law Rep., 626; Kentucky Central Railway Co. v. Gastineau's Admr., 83 Ky., 119; L. & N. R. R. Co. v. Ward's Admr., 19 Ky. Law Rep., 1900; City of Columbus v. Strassner, 25 Northwestern, 65; Gutenkunst v. Louisville Gas Co., 82 Ky., 432; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; South Covington & Cincinnati Railway Co., v. Ware, 84 Ky., 274; L. & N. R. R. Co. v. Foley, 15 Ky. Law Rep., 17; L. & N. R. R. Co. v. Laws, 14 Ky. Law Rep., 450; Upton v. Louisville Water Co., 13 Ky. Law Rep., 326; Louisville Railway Co. v. O'Meara, 25 Ky. Law Rep., 819; N. N. & M. V. Co. v. Walker, 14 Ky. Law Rep., 175. As to measure of damages, see L. & N. R. R. Co. v. Hall, 115 Ky., page 579; Joyce on Damages, vol. 1, sec. 93; Lacke v. International & Great Northern Railway Co., 60 Southwestern, 316.

CHAS. F. TAYLOR and DODD & DODD for appellee.

POINTS AND AUTHORITIES.

1. The instructions given by the court fully, accurately and with clearness presented the whole case to the jury. (Gutenkuntz v. Louisville Gas Co., 82 Ky., 432; L. & N. R. R. Co. v. Mitchell, 87 Ky., 338; Southerland on Damages, 3d Ed., vol. 4, sec. 1243; American Straw Board Co. v. Foust, 39 N. E. Rep., 894; Gray v. Washington Water Power Co., 91 Pac. Rep., 209; Beath v. Rapid Ry. Co., 78 N. W. Rep., 539.)

2. Even though it be conceded that instruction No. 4, complained of, is erroneous the record demonstrated that no instruction presenting the view of appellant as to the question of the measure of damages was asked it, appellant cannot now complain of the said instruction, nor can there be reversal on account thereof. (Louisville Ry. Co. and Louisville Carriage Co. v. Blum and Goodman, decided October 20, 1905; City of Henderson v. McGhee, 22 Ky. Law Rep., 650; Shanks v. Stewart, 16 Ky. Law Rep., 159; C. & O. Ry. Co. v. Moats, 20 Ky. Law Rep., 1758.)

3. Upon no reasonable basis can the verdict in this case be said to be at first blush so excessive as to indicate that it was given under the influence of passion or prejudice. There have been a great many cases in Kentucky where verdicts as large for injuries no more severe were upheld and adjudged not to be excessive. (M. & L. R. R. Co. v. Herrick, 13 Bush, 127; City of Covington v. Driehl, 22 Ky. Law Rep., 955; City of Louisville v. Kehr, 25 Ky. Law Rep., 2003; City of Louisville v. Bailey, 25 Ky. Law Rep., 6; L. & N. R. R. Co. v. Moore, 83 Ky., 675; L. H. & St. L. Ry. Co. v. Lyon, 22 Ky. Law Rep., 54; C. & O. R. R. Co. v. Davis, 22 Ky. Law Rep., 748; I. C. R. R. Co. v. Bayse, 17 Ky. Law Rep., 105; L. & N. R. R. Co. v. McEwan, 17 Ky. Law Rep., 406; B. & O. Ry. Co. v. Housman, 21 Ky. Law Rep., 1264; Louisville Ry. Co. v. Degore, 27 Ky. Law Rep., 56.)

4. If a collection of cases wherein large verdicts have been upheld would be of assistance to the court we would suggest that in note to section 1256, vol. 4, 3d Ed., of Sutherland on Damages, a very large collection of cases will be found. Also in a note to the case of Standard Oil Company v. Tierney, in 14 L. R. A., 677.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Mrs. Winifred Fuller, the wife of Charles E. Fuller, resided on West Market street, in Louisville, on January 6, 1904. They applied to the Louisville Gas Company to take out the meter that was in the house and put in what is known as a "slot meter." The gas company sent a man to make the change. Mrs. Fuller met him on the porch. The meter was in the cellar; the cellar was approached through a trapdoor in the pantry; to go down into the cellar

from the kitchen one had to walk over the trapdoor and then open it back toward the kitchen door There was another door from the pantry leading out to the room in front of it. Mrs. Fuller took the man to the pantry, showed him the way down into the cellar, and said to him that she wished to lock the door behind him, as her little girl, two years old, was in the habit of running into the pantry for apples. He went down into the cellar, and she locked the pantry door. In a few moments he came up, closed the trapdoor, knocked on the pantry door, and was let out by Mrs. Fuller. He then said to her that she would have to pay the gas bill up to that time before he could make the change. She agreed to pay it, but he did not know the amount, and went out to phone to the company and learn what the bill was. She went out to the rear of the house with some garbage, and as she came back met him on the porch. He told her the amount of the bill, and she said she would pay it. He went out into the street, and she went into the kitchen. About this time there was a knock at the side door by a lady who had come to look at the house. Mrs. Fuller went to let her in and was showing her through the house. When she got to the room in front of the pantry she went to the pantry door, and as she opened the door and stepped in fell into the cellar; the gas man having returned from his wagon, and gone through the kitchen, down into the cellar, through the trapdoor, leaving it open. Her leg was badly broken by the fall, and she suffered a very severe and painful injury; both bones being fractured near the ankle and protruding through the skin. There is some conflict in the evidence

between the testimony of Mrs. Fuller and the gas man; she testifying that she did not know that he had returned to the house, and that the arrangement was that he was to let her know, so that she could lock the door behind him, while he testifies in effect to the contrary. The jury gave her a verdict of $5,000, and the gas company appeals.

It is insisted for the company that the verdict is against the evidence, and that she was guilty of contributory negligence, which brought about her injury; but under the proof these are questions for the jury.

We see no objection to instructions 1, 2 and 3, given by the court. Instruction 4 is in these words: "If the jury find in favor of the plaintiff, Winifred Fuller, they should assess such sum in damages as will fairly and reasonably compensate her for the injuries which she sustained, including such sum as will reasonably compensate her for her pain and suffering, mental and physical, by reason of said injuries, and for any permanent injury, if any, which diminished her capacity for labor and the enjoyment of life caused directly by her fall into said cellar, in all not to exceed the sum of $10,000, the amount claimed in the petition."

In L. & N. R. R. Co. v. Cleaver, 89 S. W, 494, 28 Ky Law Rep., 499, this court criticising an instruction substantially similar to the one above quoted, said: "The fault of this instruction is that it leaves to the jury to say, not only how much damages the plaintiff should recover, but to consider anything they might deem proper elements of such damages, except that the court advised them that among the elements of plaintiff's damages they should consider

certain things. The jury should have been told on this point that, if they found for the plaintiff, they should award as damages such sum as would fairly compensate him for the physical and mental pain suffered by him by reason of his injuries, as well as for his loss of time, and the impairment, if any, of his power to earn money in the future, not exceeding the amount sued for." To the same effect see South Covington Railway Company v. Nelson, 89 S. W., 200, 28 Ky. Law Rep., 287; L. & N. R. R. Co. v. Ward's Administrator, 44 S. W., 1112, 19 Ky. Law Rep., 1900.

In L. & N. R. R. Co. v. Hall, 115 Ky., 567, 74 S. W., 280, 24 Ky. Law Rep., 2487, where a similar instruction was given, the court said: "This court has frequently announced, in actions for personal injuries, where death does not ensue, that compensatory damages were confined to the expense of cure, value of time lost, and fair compensation for physical and mental suffering caused by the injury and for any permanent reduction of the power to earn money. Parker v. Jenkins, 66 Ky. 587; L. C. & L. R. R. Co. v. Case's Administrator, 72 Ky., 736; O. P. Ry. Co. v. Kuhn, 86 Ky., 578, 9 Ky. Law Rep., 225, 6 S. W., 441, 9 Am. St. Rep., 309; Carson v. Singleton, 65 S. W., 821, 23 Ky. Law Rep., 1626. The instruction is erroneous, in that it does not confine the jury to the consideration of these elements of damage."

In L. & N. R. R. Co. v. Logsdon, 14 Ky., 746, 71 S. W., 905, 24 Ky. Law Rep., 1566, the following instruction was given: "You should find for the plaintiff the damages which he sustained thereby, taking into your consideration the time he has lost, or may thereafter lose, if any, the pain and suffering he has

endured, or may hereafter endure, if any, the disability to labor, move about, and enjoy life which he has suffered, or may hereafter suffer, if any, directly resulting to him from said injuries and the expense he has incurred, or may hereafter incur, if any, in the treatment of his said injuries, not to exceed in all the amount sued for herein, which is $20,000'' Commenting on this instruction, the court asid: ''This instruction did not correctly define the measure of damages. In L., C. & L. R. Co. v. Case's Administrator, 72 Ky., 736, this court said: 'The term ''compensation,'' when applied to damages, has a fixed legal signification much more restricted than its common or general acceptation. In action for personal injuries, where death does not ensue, it is confined to the expense of cure, the value of time lost, a fair compensation for the physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money.' This was followed in L. & N. R. R. Co. v. Fox, 74 Ky., 509; Muldraugh's Hill, etc., Turnpike Company v. Maupin, 79 Ky., 101, 1 Ky. Law Rep. 404; Kentucky Central R. R. Co. v. Ackley, 87 Ky., 278, 10 Ky. Law Rep., 170, 8 S. W., 691, 12 Am. St. Rep., 480; Standard Oil Company v. Tierney, 92 Ky., 367, 16 Ky. Law Rep., 626, 17 S. W., 1025, 14 L. R. A., 677, 36 Am. St. Rep., 595; and many subsequent cases. The authorities elsewhere are uniform to the same effect. 2 Shearman & Redfield on Negligence, 758. The case of L. & N. R. R. Co. v. Mitchell, 87 Ky., 327, 10 Ky. Law Rep., 211, 8 S. W., 706, does not conflict with this rule, as the question was not considered by the court, or, so far as appears, made by counsel The case went off on other grounds. The court here should have

told the jury that, if they found for the plaintiff, the measure of damages was the reasonable expenses of his cure, including any expense that it was reasonably certain he would thereafter necessarily incur, the fair value of the time lost by him, or which it was reasonably certain he would thereafter lose, and a fair compesation for the physical and mental suffering endured by him, or which it was reasonably certain he would endure, as well as for any permanent reduction of his power to earn money by reason of his injuries.''

Judgment reversed, and cause remanded for a new trial.