## Louisville, Henderson & St. Louis Railway Company v. Armes.

(Decided May 1, 1914.)

### Appeal from Breckinridge Circuit Court.

1. Master and Servant—Injuries to Servant—Fellow Servants—Car Cleaner—Brakeman and Engineer.—The brakeman and engineer engaged in operating a train, and a car-cleaner, whose duty it is to sweep out the cars on their arrival, though employed by the same company, are not fellow servants so as to preclude recovery for injuries to one caused by the negligence of another.

2. Master and Servant—Injuries to Servant—Fellow Servant Rule. —In Kentucky there are two exceptions to the rule that employees of a common master engaged in a common pursuit are fellow servants, viz: where a servant is injured by the gross negligence of another servant superior in authority to him, and where he is injured by the negligence of another servant in a different department or grade of employment.

3. Master and Servant—Injuries to Servant—Negligence of Servant in Different Department—Ordinary Negligence.—In an action by a servant against a master to recover damages for the negligence of a servant in a different department, it is not necessary to prove gross negligence, but ordinary negligence is sufficient.

4. Master and Servant—Injuries to Servant—Negligence—Instruction.—Where in an action against the master for injuries to the servant, plaintiff predicates his case on gross negligence alone, when he was only required to prove ordinary negligence, it is

the duty of the trial court to give the law applicable to the case, and therefore to authorize a recovery for ordinary negligence.

5. Master and Servant—Injuries to Servant—Contributory Negligence—Instruction.—In an action for personal injuries, an instruction authorizing a verdict for defendant if the jury believe that plaintiff, by his own carelessness and negligence, "so contributed to all the injuries he received, etc," is not erroneous where it appears from the facts of the case that if plaintiff was negligent at all, such negligence necessarily contributed to all the injuries he received.

6. Master and Servant—Injuries to Servant—Evidence—Verdict Not Excessive.—In an action by a servant against the master to recover for personal injuries, evidence examined, and held to sustain a verdict of $1,750 in favor of plaintiff.

J. R. SKILLMAN, R. A. MILLER and MILLER, SANDIDGE & MALIN for appellant.

CLAUDE MERCER and C. M. FINN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries against the defendant, Louisville, Henderson & St. Louis Railway Company, plaintiff, Minor W. Armes, recovered a verdict and judgment for $1,750. The railroad appeals.

At the time plaintiff was injured, a mixed train, containing both passenger and freight cars, ran daily from Fordsville to Irvington, and returned to Fordsville in the afternoon. On October 31, 1912, this train arrived at Irvington. On its arrival, plaintiff, who was a car cleaner, went into the passenger cars with another car cleaner for the purpose of sweeping out the cars. While the plaintiff was doing this the coaches were uncoupled from the remainder of the train and moved on to a siding nearby. As they entered the siding they were cut loose from the engine, and having some momentum, ran against a box car standing on the siding. It was not customary to cut the cars loose from the engine. When the coaches were uncoupled from the engine the engineer blew one blast of the whistle, which was a signal for brakes. The brakeman who had uncoupled the coaches failed to ride them into the siding. Another brakeman, whose duty it was to be on the train, had left and gone to his home. When the signal for brakes was given, the other car cleaner, who was in the car with plaintiff, came out on the platform and set the brakes. This caused the

car to slow down, but did not prevent the collision. When the collision occurred plaintiff was thrown to the floor of the car and injured.

One of the principal contentions for defendant is that both the engineer and brakeman whose duty it was to ride the cars into the siding and plaintiff were fellow servants. In this connection it is insisted that they were working for a common master, and in the same field of labor. In this state not all employees of a common master engaged in a common pursuit are fellow servants. To this general rule there are two well recognized exceptions: (1) Where the servant is injured by the gross negligence of another servant superior in authority to him; (2) where the servant is injured by the negligence of another servant in a different department. Milton's Admx. v. Frankfort & Versailles Traction Co., 139 Ky., 53. Following this rule, it has been held that the crew of one train are not fellow servants of the crew of another. Ky. Central Ry. Co. v. Ackley, 87 Ky., 278, 8 S. W., 691, 10 Ky. L. R., 170, 12 Am. St. Rep., 480; C, N. O. & T. P. Ry. Co. v. Hill, 89 S. W., 523, 28 Ky. L. R., 530; that a switchman is not a fellow servant of an engineer; L. & N. R. Co. v. Sheets, 11 Ky. L. R., 781, 13 S. W., 248; that a conductor of a freight train and a car inspector are not fellow servants; I. C. R. Co. v. Hilliard, 99 Ky., 684; that employees on different street cars are not fellow servants; Louisville Ry. Co. v. Hibbett, 139 Ky., 43; Milton's Admx. v. Frankfort & Versailles Traction Co., 139 Ky., 53; that an employee of an interurban railroad engaged in loading and handling crushed stone, and who was required to ride from the place where the stone was loaded to the place where it was to be distributed, was not a fellow servant of the motorman operating the car; Central Ky. Traction Co. v. Smedley, 150 Ky., 598. In the case under consideration the engineer and brakeman were engaged in operating the train. Plaintiff had no duties to perform in connection with its operation. His sole duty was to sweep out the cars on their arrival. The department in which he was employed was entirely different from that in which the engineer and brakeman were employed. Their duties did not require immediate co-operation, or bring them into such relations that they could exercise influence upon each other promotive of proper caution. That being true, they were not fellow servants.

Another contention is that plaintiff predicated his whole case on the gross negligence of an employee superior in authority to him, and that the evidence failed to show gross negligence. We have repeatedly held that in an action by a servant against a master to recover damages for the negligence of a servant in a different department, it is not necessary to prove gross negligence, but that ordinary negligence is sufficient. Greer v. L. & N. R. Co., 94 Ky., 178; Ry. Co. v. Collins, 2 Duv., 114; L. & N. R. Co v Brown, 127 Ky., 732.

Instruction No. 1 is criticised because it authorizes a recovery for ordinary negligence on the part of those in charge of the car, whereas plaintiff predicated his case on gross negligence alone. The instruction is not erroneous for this reason. Notwithstanding the fact that plaintiff alleged greater negligence than he was required to prove, it was the duty of the trial court to give the law applicable to the case, and, therefore, to authorize a recovery for ordinary negligence.

Instruction No. 1 is also complained of on the ground that it assumes that the car was run with unreasonable and unnecessary force against other cars. The language called in question is as follows: "By reason of negligence on the part of defendant's agents or servants in charge of said car, running same with unreasonable and unnecessary force against other cars." While doubtless it is true that the instruction is not verbally accurate, we do not believe that the language was such as to mislead the jury.

The instruction on contributory negligence is as follows:

"If you believe from the evidence that at the time and place mentioned in the petition, plaintiff, by his own carelessness and negligence, so contributed to all the injuries he received, and but for such contributory negligence on his part, if any, plaintiff would not have been injured, then you will find for the defendant."

The clause "so contributed to all the injuries he received" is vigorously attacked. While improper, we do not regard it as prejudicial error under the facts of this case. It is not contended that plaintiff was guilty of any contributory negligence other than being on the car at the time of the accident. In this connection it is insisted that he was not expected to enter the car until it had been properly located on the siding. Plaintiff's evidence, however, shows that it was customary for all the

car cleaners to go in the coaches on their arrival at the station. If it was negligence for him to be on the car at the time, such negligence necessarily contributed to all the injuries he received. If he was not negligent in being on the car, then defendant alone was responsible for his injury.

We find no prejudicial error in the other instructions. While defendant attempted to show that plaintiff was not in its employment, its foreman admitted that he was still carried on the pay-roll. Plaintiff and those working with him say that he was at work from the 15th to the 31st of October. Even if he was absent, it was under a private arrangement between him and Totten, whom he had secured to take his place. Defendant was not concerned in any way with this arrangement. It did not undertake to pay Totten, the substitute. Totten looked alone to plaintiff. Under his contract with the company, plaintiff had the right to work whenever he desired. Being in the employ of the company, and the evidence conclusively showing negligence on the part of those in charge of the car, we are not disposed to be hypercritical in construing the instructions.

While it is true that plaintiff was seriously injured several years ago, yet there is substantial evidence to the effect that the injuries for which he sued were of a permanent character, and such as to impair his earning capacity about one-half. Under these circumstances, the verdict of $1,750 was not excessive.

Judgment affirmed.