CASE 102.—ACTION BY LENA GIBONEY AGAINST THE CIN-
CINNATI, NEW ORLEANS & TEXAS PACIFIC RY.
CO., FOR DAMAGES FOR PERSONAL INJURIES.—
March 5.

# Cincinnati, N. O. & T. P. Ry. Co. v. Giboney

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Re-
versed.

1.  Damages—Personal Injury—Measure of Damages.—Where, in
    an action for a personal injury, there was no allegation of
    loss of time or expense, the measure of damages was a reason-
    able compensation for the mental or physical suffering
    endured, and for the permanent impairment of power to earn
    money proximately resulting from the injury, and an instruc-
    tion to find for plaintiff. such an amount as would reasonably
    compensate her for any temporary or permanent injury sus-
    tained, and any suffering or pain endured, was erroneous.
2.  Carriers—Personal Injuries—Condition of Premises—Negli-
    gence.—A railroad must maintain its stations' and platforms
    in a reasonably safe condition for passengers taking passage
    on its trains or coming to the stations for that purpose.
3.  Same—Persons to Whom Liable.—A husband and wife, with
    their two children, went to a station to take a train.   On
    being unable to obtain a seat in the train, they alighted and
    placed one of their children on the train for the purpose of
    sending him home with relatives.   The child began to scream
    on finding that his mother was not going to get on and she,
    on starting to take the child from the train through a window,
    stepped into a hole and was injured.   The hole was in the
    pathway used by persons taking and leaving the train.   Held,
    that the wife had not lost her right to be where she was
    at the time of the injury, and was entitled to recover, if she
    exercised ordinary care.

CHAS. H. RODES and JOHN GALVIN for appellant.

ROBERT HARDING, EMMETT PURYEAR and GREENE & VANWINKLE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In September, 1904, Mrs. Lena Giboney, with her husband and two children, went from McKinney to Somerset on a round-trip ticket over the railway of the Cincinnati, New Orleans & Texas Pacific Railway Company to attend the Pulaski county fair. On the afternoon of the last day of the fair she and her husband and the two children came to the station for the purpose of going home. The train was to leave at 6 o'clock. A train going south was on the track next to the platform. The train going north, which she was to take, was on the second track from the platform, and they walked across the main track to the space between that track and the next for the purpose of taking their train. Upon an examination of the train they found it so crowded that they could not get a seat, and concluded not to take the train, but to wait until the next morning. Mrs. Giboney's father and mother were on the train. She was not very well, and concluded to send the older child, who was nine years old, home with them, so that she would only have one child to care for that night. Her husband picked up the little fellow and put him through the window of the coach. She stood by the side of the coach talking to some friends. When the train was about to pull out, the child screamed, and apprehension was felt that he would go into convulsions. So he was handed out through the window by a friend. Mrs. Giboney had just started to leave, and, when she heard the child scream, turned around, and, when

she saw him in the window, went to take him. In going to take the child she stepped into a waterbox which had been left open in the space between the two tracks, and fell, severely spraining her ankle. To recover for this injury she brought suit, and, having secured a verdict and judgment for $2,000, the railroad company appeals.

The car in which they placed the child was the rear car of the train. She was near the rear end of the car when the child screamed, and the child was only a few feet from her. The water box was in the space that the passengers would use in passing along the cars to get on the train, and Mrs. Giboney would perhaps have seen the hole which was about a foot deep if she had looked down and had not been looking up at the child as she advanced to take him, although there is some testimony that the light was not good. The court instructed the jury as follows:

"(1) If you believe from the evidence that the plaintiff held a ticket that entitled her to travel as a passenger upon the defendant's train from Somerset to McKinney on the afternoon of the accident, and that she went to the depot at the place provided for boarding said train with the intention of taking said train, and with such intention she went to said train, and then concluded not to take same, and in undertaking to leave she stepped into a hole or water box that was made or permitted by defendant to be or remain open at or unreasonably near to the place provided for passengers to board said train, and that thereby she sprained or dislocated her ankle, then you should find for her such an amount in damages as will reasonably compensate her for any temporary or permanent injury she sustained and any suffering or pain she endured, not exceeding the sum of $2,000,

and, if you do not so believe, then you should find for the defendant.

"(2) However, if you believe from the evidence that, after plaintiff concluded not to board said train, she approached the same for another purpose than that of boarding said train as a passenger, and ·that in so approaching said train she stepped into the hole or water box, then the law is for the defendant, and you should so find.

"(3) If you believe from the evidence that, at the time and place the plaintiff received the injuries complained of, she herself was guilty of such negligence and want of care as a person of ordinarily prudent habits would exercise under like conditions, and that but for which she would not have received the injuries complained of, or that such negligence and want of care, if any, contributed to the injury complained of, and but for ·that the accident would not have happened, then, in that event, the law is for the defendant, and you will so find."

The instructions did not correctly state the law of the case. The measure of damages given in instruction 1 is erroneous. In lieu of this part of the instruction, the court should have told the jury that, if they found for the plaintiff, the measure of damages was a reasonable compensation to her for the mental and physical suffering which she endured, if any, or the permanent impairment of her power to earn money, if any, which was the natural or proximate result of her injury. Lexington Ry. Co. v. Herring, 96 S.W. 558, 29 Ky. Law Rep. 794; L. & N. R.R. Co. v. Hall, 115 Ky. 579, 74 S.W. 280, 24 Ky. Law Rep. 2487; L. & N. R.R. Co. v. Logsdon, 114 Ky. 746, 71 S. W. 905, 24 Ky. Law Rep. 1566; South Covington, etc., Ry. Co. v. Nelson (Ky.), 89 S. W. 200, 28 Ky. Law Rep. 287. There was no allegation of loss of time or expense,

and therefore these matters, under the pleadings, were properly omitted from the instruction.

We see no objection to instruction 3, but instructions 1 and 2 do not present the law applicable to the case. In lieu of them the court should have instructed the jury that it was incumbent upon the railroad company to maintain its station and platforms in a reasonably safe condition for passengers taking passage upon its trains or coming to the station for that purpose, and that, if they believed from the evidence that the space between the two trains which was to be used by persons taking the train going north was not reasonably safe for that purpose, and that Mrs. Giboney was upon this space either for the purpose of taking the train herself or of putting her child upon the train or taking him from the train, she was where she had a right to be, and if she was injured by reason of the space between the two trains not being reasonably safe for the purposes indicated, while exercising ordinary care for her own safety, they should find for the plaintiff.

The evidence is clear that she and her husband went to the train with their two children for the purpose of going home; that they got on the train, and, being unable to get a seat, got off; and that they then placed the little boy on the train for the purpose of sending him home with his grandparents. The child began to scream when he found his mother was not going to get on, and this was about the time the train was starting. Mrs. Giboney had not lost her right to be on the platform, and when the child screamed she had a right to take him from the window, as that was the most practicable way to get him off the train. It was incumbent upon the railroad company to have a reasonably safe platform for the use of the passengers on this crowded train or for the use of those assisting

passengers on or off who required assistance from age or infirmity. In 3 Thompson on Negligence, section 2685, the rule is thus well stated: "This duty extends to passengers who are rightfully upon the premises of the carrier when the injury takes place— as, for example, to a passenger who has just come into the railway station, from another train, and who is injured by being struck by a car projecting over the station platform; and to a passenger who, in the course of the transit, temporarily leaves the carrier's vehicle for a proper purpose, as where a passenger on a steamboat goes ashore for a meal at an intermediate stopping place. Nor is this duty confined to passengers merely, but, upon an analogy elsewhere stated, it extends to the protection of persons coming to the station of the carrier to meet their friends arriving on his vehicle, or to see them safely off." In Tobin v. Portland, etc., R. R. Co. (Me), 8 Am. Rep. 415, a hackman who carried persons to and from a railroad stattion was held entitled to recover for an injury from a defect in a platform. In Hamilton v. Texas & Pacific R. R. Co. (Tex. Sup.), 53 Am. Rep. 756, the plaintiff, who had gone to the station to assist two old people who were there to take the train, and stepped in a hole, receiving injuries, was held entitled to recover. The same principle was applied in McKone v. Michigan Central R. R. Co. (Mich.), 17 N. W. 74, 47 Am. Rep. 596, where the plaintiff was waiting at the station for his wife, whom he expected on the train. To same effect, see Toledo, etc., R. R. Co. v. Grush (Ill.), 16 Am. Rep. 618; L. & N. R. R. Co. v. Wolfe, 80 Ky. 82, 3 Ky. Law Rep. 576; note to Dowd v. R. R. Co. (Wis.), 54 N. W. 24, 20 L. R. A. 527, 36 Am. St. Rep. 917.

Judgment reversed, and cause remanded for a new trial.