## Nashville, Chattanooga & St. Louis Railroad Company v. Banks.

(Decided December 19, 1913).

### Appeal from McCracken Circuit Court.

1.	Instructions—Measure of Damages.—An instruction allowing the jury in a personal injury action to find for the plaintiff such sum as will fairly compensate the plaintiff for the injuries to his person, does not correctly define the measure of damages.
2.	Negligence.—A brakeman on a train composed of some cars going from one state into another is engaged in interstate commerce, and if he is guilty of contributory negligence his recovery must be reduced in the proportion of his negligence to the combined negligence of the plaintiff and defendant.
3.	Negligence—Instructions.—When the defendant's answer sets out the facts charged as constituting contributory negligence the instruction should follow the plea and submit these facts to the jury.

4.   Instructions.—The instructions of the court should be sufficiently concrete to bring the minds of the jury intelligently to the question of fact they must try; and to present both the plaintiff's and the defendant's theory of the case to the jury.

WHEELER & HUGHES, CLAUDE WALLER for appellant.

SAMUEL A. ANDERSON, OLIVER & OLIVER and JOSEPH R. GROGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

George Banks was a brakeman in the service of the Nashville, Chattanooga & St. Louis Railway, which operates a railway from Memphis, Tennessee, to Paducah, Kentucky, that division being known as the Paducah & Memphis Division; also a line of railway from Nashville, Tennessee, to Hickman, Kentucky, the two divisions crossing at Hollow Creek Junction. The train on which Banks was employed ran from Memphis to Hollow Creek Junction, and while it was there he sustained injuries to recover for which he brought this action under the Federal Employers Liability Act. The following agreed stipulation was made part of the record:

"That at the time plaintiff received the injuries complained of by him in this action he was in the employ of the defendant as a brakeman or flagman, and at said time was working as such with a freight train which was made up at the city of Memphis, in the State of Tennessee, and known as an "Extra Freight Train," composed of a locomotive, tender, nine freight cars, some of which freight cars were loaded with merchandise in the States of Mississippi and Alabama and transported by other railroad companies to the city of Memphis, and there delivered to this defendant herein, and by the defendant put into said train, which was transported by the defendant over its railroad as a part of the train complained of to Hollow Rock Junction, in the State of Tennessee; that at Jackson, in the State of Tennessee, a car loaded with lumber was delivered to this defendant which was put into said train, also an empty freight car was put into said train at Jackson, Tennessee, and said train as thus made up, was by the defendant hauled to Hollow Rock Junction, which place is also in the State of Tennessee; at which place the injury complained of by plaintiff was sustained; that at said place said train was divided or split up, and one empty box car hauled by this

defendant by another train over its line of road to the city of Paducah, in the State of Kentucky, and the one loaded with lumber which was received at Jackson, in the State of Tennessee, consigned to Evansville, in the State of Indiana, was by the defendant hauled to Paris, in the State of Tennessee, and there delivered to the Louisville & Nashville Railroad Company to be transported to the consignee at the city of Evansville, in the State of Indiana, and three of said cars which were loaded with cotton were hauled by the defendant to Chattanooga, in the State of Tennessee, and two of the cars in said train were loaded with pyrites at Mobile, Alabama, and received by the defendant from another railroad at the city of Memphis, and was a part of said train from Memphis to Hollow Rock Junction, and from said Hollow Rock Junction carried to Nashville, in the State of Tennessee, and one of said cars in said train was an empty box car, and was consigned to Atlanta, in the State of Georgia, and one other of said empty box cars was consigned to Puryear, in the State of Tennessee; that each and all of said cars proceeded on to their respective destinations after leaving said Hollow Rock Junction, in Tennessee.''

When the train reached Hollow Rock Junction it was necessary to take some of the cars from that train and place them on another track where a train destined for Nashville would take them and carry them to Nashville. The conductor left the train in charge of Banks and went to the depot to attend to other duties. The train was pulled up beyond the switch; Banks threw the switch and gave the engineer the back-up signal, and as the cars passed him backing down the side track, he got up on the side of one of the cars so as to ride down. When he had backed in far enough he gave the engineer a stop signal. At this time the engineer was around the curve from him and so the signal was passed on to the engineer by Siler, another brakeman, who stood out from the train for this purpose. As to what followed the proof is conflicting. According to the proof for Banks, the engineer stopped the train in obedience to the signal and after it was stopped Banks went in between the cars to cut off the cars that were to be left on that track. He pulled the pin at the coupling and turned the angle cock on the front car. He then took hold of the air hose with one hand and reached over with the other hand to turn the angle cock on the rear car, and just at this juncture

the engineer, without any signal from him so to do, again backed the cars, catching both of his hands in the bumper, and so injuring them that both had to be amputated. On the other hand, the proof for the defendant is to the effect that Banks was riding on the rear car that was to be left in the train, and that he reached over and turned the angle cock on this car before he got off it; that he then got down on the ground, and while the cars were still moving, went in between the cars, pulled the pin and then took hold of the air hose with one hand and reached over with the other to the angle cock, and when he did this, he set the brakes on the rear cars in emergency, causing the wheels to stop revolving, and that this caused the forward part of the train, which was still in motion, to bump against the rear cars, thus inflicting upon him the injuries which he received. The proof for the defendant also showed that it was improper and very dangerous to attempt to uncouple cars in this way, and that if Banks had followed the usual way of doing the work, there would have been no danger in it. The jury found for the plaintiff in the sum of $20,000. The court refused a new trial and gave judgment upon the verdict. The defendant appeals.

The chief complaint on the appeal is as to the instructions of the court. We see no objection to instructions 1 and 2. Instructions 3, 4, and 5 are in these words:

"3. If you find for the plaintiff, you will assess in his favor such sum in damages as you may believe from the evidence in this case will fairly and reasonably compensate him for injuries to his person; for loss of time occasioned on account of said injuries, if any, not exceeding $600.00; for physical and mental suffering, if any of either, on account of said injuries, and for any permanent injury to him lessening his power to earn money, but in all not exceeding the amount claimed in the petition, towit: One hundred thousand dollars."

"4. Although you may believe from the evidence in this case that defendant was guilty of negligence on the occasioned complained of, and as defined to you by instruction No. 1 herein, yet, if you shall further believe from the evidence that plaintiff was also guilty of negligence in the performance of his duties as brakeman at the time complained of by him, then he is chargeable with contributory negligence, and if you shall believe from the evidence in this case that plaintiff was guilty

of negligence as mentioned to you in this instruction, and that such negligence on his part contributed to bring about the injuries to him, and but for which he would not have been injured, then you will diminish the damages, if any, you may assess in his favor, in proportion to the amount of negligence, if any, attributable to him in causing or producing the injury complained of by him.

"5. The court further instructs you that if you shall believe from the evidence in this case that the injuries received by plaintiff were caused wholly and solely by his own negligence, and without any negligence on the part of defendant, as defined to you by instruction No. 1 herein, then the law is for the defendant and you will so find."

The words "for injuries to his person" should have been omitted from instruction 3. What would compensate a man for losing both of his hands is too uncertain to be submitted to a jury. We have often laid down the measure of damages in this class of cases, and have uniformly condemned such expressions as this in instructions. (L. & N. R. R. Co. v. Logsdon, 114 Ky., 746; L. & N. R. R. Co. v. Hall, 115 Ky., 749; Cincinnati, etc., R. R. Co., v. Gibony, 124 Ky., 809; Lexington R. R. Co. v. Herring, 96 S. W., 558; Paducah Traction Co. v. Burradell, 31 R., 1052; L. & N. R. R. Co. v. Pearcy, 121 S. W., 1037.) The words "diminution of" should also be substituted for the words "permanent injury to him lessening" so that this part of the instruction will read, "any diminution of his power to earn money."

Instruction 4 is faulty in that it no where defines the duty which the law required of the plaintiff under the evidence. The duties required of the defendant were defined in instruction 1, but in instruction 4 the court only told the jury that if they believed from the evidence that the plaintiff was also guilty of negligence in the performance of his duties as brakeman, then he was chargeable with contributory negligence. The defendant by its answer aptly pleaded the facts relied on as constituting contributory negligence on the plaintiff's part, and when this is done the court should in its instructions follow the pleading and submit the facts therein alleged to the jury. In lieu of the part of the instruction referred to, the court should have told the jury that it was the duty of the plaintiff to perform his duties in the way that was usual or reasonably safe;

and to exercise such care in performing them as might be reasonably expected of a man of ordinary prudence under like circumstances, and that if he failed to do this, he was guilty of contributory negligence.

The facts agreed showed clearly that this train was engaged in interstate commerce and that the action was properly brought under the Federal Employers Liability Act. That act provides:

"Contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

Construing this statute, the United States Supreme Court, in Norfolk & Western Railroad Co. v. Earnest, 33 Sup, Court Rep., 654, said:

"The statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee' means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both, the purpose being to abrogate the common law rule, completely exonerating the carrier from liability in such a case, and to substitute a new rule, confining the exoneration to a proportional part of the damages, corresponding to the amount of negligence attributable to the employe."

The instruction of the court does not conform to the rule thus laid down. It does not in terms state what the amount of negligence attributable to him is to be in proportion to; but, as in the previous part of the instruction, the negligence of the defendant and his negligence are referred to, we think the natural meaning of the instruction is that the damages are to be diminished in the proportion to the amount of negligence attributable to him and that attributable to defendant, which, as shown above, is not the construction of the statute adopted by the Supreme Court.

Instruction 5 is so general that it does not clearly present the defendant's theory of the case; and no other instruction was given presenting its side of the case. We have in a number of cases held that the instructions should be sufficiently concrete to bring the mind of the jury intelligently to the law of the case. (L. & N. R. R.

Co. v. King, 131 Ky., 347; Johnson v. Westerfield, 143 Ky., 10; Bauer v. I. C. R. R. Co., 156 Ky., 183.) In lieu of instruction 5 on another trial the court will give the jury this instruction:

5. If you shall believe from the evidence that the plaintiff went in between the cars while they were in motion and sustained the injuries sued for before the train came to a stop, you will find for the defendant.

Judgment reversed and cause remanded for a new trial.