## Chesapeake & Ohio Railway Company v. Holbrook, by, etc.

(Decided April 21, 1925.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Whether Section Hand Assumed Risk of Injury to Eye by Metal Sliver Held for Jury.—In action for injuries sustained by section hand while holding a rail which was being cut by cutter with battered head, when a small sliver struck him in the eye, whether he assumed the risk held for jury. ·

2. Master and Servant—Whether Injury to Section Hand Resulted from Defective Cutter Head Held for Jury.—In action for injuries sustained by section hand while holding a rail which was being cut when a small sliver struck him in the eye, whether injury resulted from defective condition of cutter head held for jury.

3. Appeal and Error—Trial—Instruction Eliminating Question of Proximate Cause Held Error and Prejudicial.—In action for injuries sustained by section hand while holding a rail which was being cut when a small sliver struck him in the eye, instruction authorizing recovery for plaintiff if cutter was defective and he was injured by a sliver from it, thus eliminating question of proximate cause, held erroneous and prejudicial.

4. Master and Servant—Showing Proximate Cause of Injuries Essential.—Section hand, injured while holding a rail which was being cut, was not entitled to recover without a showing that cutter was defective, that he was injured by a chip therefrom, and that sliver was thrown off as result of defective condition of cutter.

5  Damages—Instruction Held Erroneous as Not Fixing Any Standard by which to Measure Compensation for Injury.—In action for injuries, instruction held erroneous as authorizing jury to compensate plaintiff for his injury without fixing any standard by which to fix compensation.

WORTHINGTON, BROWNING & REED and KIRK, KIRK & WELLS for appellant.

W. M. VAUGHAN & SON for appellee.

Opinion of the Court by Judge McCandless—Reversing.

Appellee. a boy 19 years of age, was at work as a section hand for appellant. Several crews were engaged in clearing a wreck which had occurred some sixteen hours before. The tracks were cleared but the rails had not been closed and for this purpose two T-rails had to be cut. Two pairs of workmen, each composed of a section foreman and his helper, were engaged in this and hastening its accomplishment.

To do this a T-rail cutter is placed edge down upon the rail and struck with a heavy sledge. The cutter is a wedge-like tool about six inches long, one and one-half inches thick near the top, from which is beveled a head or striking surface, the other end tapering to a cutting edge of hardened steel. It is fitted on a handle about two feet long and when in use is held by one man, while a second does the striking.

At the time in question appellee was standing upon and steadying a rail which was being cut, when a small sliver struck him in the eye. He was carried to a hospital and treated, but it became necessary to remove his eyeball. In this suit by his next friend he recovered judgment for $3,000.00.

In addition to the above admitted facts it is established by all the witnesses that they were using several T-rail cutters and that the head of each of these was battered and spread by previous use. The foreman cutting the rail near Holbrook, had laid aside two of these as defective and was using a third. It was also defective in this respect but was the best he had.

There is some evidence that it was suggested at the time that they had some new cutters at the caboose but that the officer in charge was unwilling to wait for them and directed the work to proceed, though this is denied.

The father of plaintiff testified that at the hospital he was shown the sliver taken from his son's eye; that it was about one-half the size of his finger nail and very thin, with a teat on each edge.

Plaintiff introduced practically all of the witnesses present at the time of the injury and there is but little conflict in the evidence as to the facts.

A number of these qualified as to their experience in work of this character and gave it as their opinion

that the sliver described came from the defective head of the cutter, while others with similar experience testify that in their opinion it came from either the rail that was being cut or from the edge of the cutter as the two came in contact.

On this evidence it is claimed that the court should have given a peremptory instruction for defendant. It is true that the cutter in question was a simple tool and the defect obvious and if the injury had resulted to either the one who was holding the hammer or the one striking a recovery might be denied on the ground of assumed risk. C., N. O. & T. P. Ry. Co. v. Burton, 184 Ky. 2; Ohio Valley Railway Co. v. Copley, 159 Ky. 38; Donahue v. L. H. & St. L. Ry. Co., 183 Ky. 608; Hoskins v. L. & N. Ry. Co., 167 Ky. 665.

But, as said in C. N. O. & T. P. Ry. Co. v. Guinn, 163 Ky. 157, "It may also be observed that generally this doctrine has been limited to states of case in which the servant was acting on his own volition and not when he was doing something under the eye of and by the direction of some superior officer."

In that case an iron rod had been heated and plaintiff was holding it on an anvil while his foreman was striking it with a hammer. A sliver flew from the anvil or hammer and struck him in the eye. It was shown that both the hammer and anvil were in bad condition, but that the rod was new. It was no part of plaintiff's duty to examine them, although he was close enough to observe their condition.

The court reviewed the various authorities and distinguished them on the facts and reached the conclusion that under the facts stated the plaintiff did not assume the risk. In this respect we think that case is controlling. Also we think the evidence otherwise sufficient to submit to the jury an issue as to whether or not the injury resulted from the defective condition of the cutter head.

The first instruction reads:

No. 1. "The court instructs the jury it was the duty of the defendant and its servants having the matter in charge to use ordinary care to provide plaintiff and its employes with whom he was working with a reasonably safe T-rail cutter with which to work on the occasion in question, and if the jury believe from the evidence that defendant, Chesapeake & Ohio Ry. Co., or its agents having the work

in charge negligently provided its workmen with whom plaintiff was working with a defective and insufficient cutter used in the cutting of T-rails, and the defective and insufficient condition of said T-rail cutter, if it was defective and insufficient, was known to the defendant or its agents in charge of said work, and such defective and insufficient condition of said cutter, if same was defective and insufficient, was not known to plaintiff, and could not have been known to him by the exercise of ordinary care, and while said cutter was being struck by a hammer, a small piece from said cutter flew off and struck the plaintiff in his eye and injured same, then they will find for the plaintiff.

"If they do not so believe and find, they will find for the defendant."

It will be observed that this instruction authorizes a recovery for appellee if the jury believed the cutter was defective and that he was injured by a sliver from it, regardless of whether or not the sliver was caused to fly by reason of such defect and thus the question of proximate cause was eliminated. This was error.

To recover it was necessary for plaintiff to show (1) that the cutter was defective; (2) that he was injured by a chip from the cutter; (3) that this sliver was thrown off as a result of the defective condition of the cutter.

The instruction submits the first two questions, but ignores the third, and we cannot say that this error was not prejudicial. Ware v. Saufley, 194 Ky. 53; Interstate Coal Co. v. Love, 153 Ky. 323.

Instruction No. 2 on the measure of damages is also erroneous. It reads:

"If the jury find for the plaintiff they shall allow him such sum in damages as they believe from the evidence will fairly and reasonably compensate him for his physical and mental suffering, if any of either, and for the loss of his eye, so the sum so found, if anything, does not exceed $3,000.00."

The jury were thus authorized to compensate plaintiff for the loss of his eye without fixing any standard by which to measure the compensation. Instructions in this form have been uniformly condemned. Lex. Ry. Co. v. Herring, 96 S. W. 558, 97 S. W. 1127.; L. & N. R. R. Co. v. Logsdon, 114 Ky. 746; L. & N. R. R. Co. v. Hall,

115 Ky. 579; Cincinnati, &c., Ry. Co. v. Giboney, 124 Ky. 806, 100 S. W. 216; N. C. & St. L. R. R. Co. v. Banks, 156 Ky. 609.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.