## Jackson v. Cook.

(Decided December 16, 1927.)

### Appeal from Edmonson Circuit Court.

1. Trial.—Where defendant introduced no proof, his motion for peremptory instruction must be tested solely by plaintiff's proof and fair inferences therefrom.
2. Husband and Wife.—In action by husband for alleged alienation of affections of his wife, evidence held insufficient to carry case to jury.
3. Husband and Wife.—In suit to recover for alienation of affections, it is essential for plaintiff to show that defendant produced and brought about alienation of affections of spouse.
4. Husband and Wife.—In action for alleged alienation of affections of plaintiff's wife, instruction telling jury that if it found for plaintiff to award him "such damages if any he has sustained," without giving jury any standard by which to measure damages, held erroneous.

B. M. VINCENT and M. M. LOGAN for appellant.

JOHN A. LOGAN and MILTON CLARK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

From a judgment in favor of the appellee in the sum of $1,458.66 for the alleged alienation of the affections of his wife, the appellant appeals.

Appellant's sole ground for reversal is that he was entitled to a peremptory instruction. He introduced no proof himself, and so his motion must be tested solely by the appellee's proof and the fair inferences therefrom. This proof established that during the Christmas season, appellee's wife, a woman 48 years old and a grandmother, was employed by the appellant who ran a drug store at Rocky Hill, in Edmonson county, to assist him in waiting on the trade during that season. Just about its close, the appellee came into the drug store one day and found his wife and the appellant behind the counter. The latter had his hand upon the shoulder of appellee's wife. They appeared to be confused at appellee's entrance. Appellee told his wife to go on home, and this she did. He forbade her to go back to the drug store, but she did several times during the course of the next 6 months. The record is silent concerning the purpose of her visits, and they may have been entirely in-

nocent and in order to make necessary purchases. In the spring, appellee says that he received information that his wife and appellant had gone to Glasgow together. Of course, such hearsay evidence established nothing. He went to Glasgow and searched the place thoroughly, but could not find them. He returned home, and that night met his wife returning home on the train which came from Glasgow. He never did see appellant on this occasion and cannot establish that appellant was in Glasgow or with his wife. In July, appellee returned unexpectedly to his home and found his wife writing a letter. In her possession, he found other letters. What these letters contained, or by whom they were written, the record does not say. Appellee tried to introduce them in evidence, but, failing to show that they were written by appellant, he was not permitted to do so. We cannot even tell, in the absence of an avowal of what they contained, that these letters were in any way incriminating or tended to establish any effort on the part of the appellant to alienate the affections of appellee's wife. The proof does show that appellee's wife became much agitated on her husband's discovery of these letters and rushed over to the place of business of the appellant, where she exclaimed to him: "Well, he got them;" to which appellant responded: "That don't amount to anything, there is no name signed to them." After this, appellee and his wife separated, but in the following September they went back to live together, though, as this record shows, not very happily. This is all the proof there was. It is not sufficient to carry the case to the jury.

In a suit to recover for the alienation of affections, all authorities agree, as we said in Merritt v. Cravens, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F, 935, that it is essential for the plaintiff to show that the defendant produced and brought about the alienation of the affections of the spouse. In this case, nothing is established, but that the appellant at one time had his hand upon the shoulder of appellee's wife, and that she informed appellant that appellee had gotten hold of some letters. Appellee did not connect appellant with these letters, but even if he did, since the letters were not before the jury, it could only speculate as to what they contained. There is no proof that they were at all incriminating. Appellee utterly failed to establish that his wife and appellant

went to Glasgow together. And so appellee's verdict must necessarily rest only on the fact that appellant at one time had his hand on the shoulder of appellee's wife. Such proof falls far short of establishing that the appellant produced or brought about any alienation of the affections of appellee's spouse as the rule requires. We are therefore of the opinion that the lower court erred in not sustaining the appellant's motion for a peremptory instruction.

Although the appellant made no complaint of the instruction given by the court as such, it is proper to state that it is erroneous in that the court told the jury if it found for appellee to award him "such damages if any he has sustained," without giving the jury any standard by which to measure the damages. Such an instruction has been uniformly held erroneous by us. Chesapeake & Ohio Ry. Co. v. Holbrook, 208 Ky. 488, 271 S. W. 583. On the next trial, if the appellee makes out a case for the jury, the court will correct this instruction and fix in it the standard by which the damages, if any, are to be measured.

The judgment of the lower court is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.

Judge Logan not sitting.