## Louisville & Nashville Railroad Company v. Johnson.

(Decided November 16, 1928.)

### Appeal from Bell Circuit Court.

1. Carriers.—Delivery of shipment to carrier ordinarily passes the title to the consignee.

2. Carriers.—Petition, averring that plaintiff shipped carload of watermelons to produce company, showed title thereto in consignee, and hence stated no basis for recovery against railroad company for conversion thereof.

3. Carriers.—Railroad company's delivery of watermelons, shipped under bill of lading in which shipper was both consignor and consignee, to produce company, which removed and retained large number of them, without surrendering bill of lading attached to sight draft drawn on such company and sent to place of its location for collection through banking circles, constituted conversion.

4. Carriers.—In shipper's action against railroad company for conversion of watermelons, delivered to produce company not entitled thereto, testimony of peddler, to which railroad company sold melons rejected by produce company, as to condition thereof, was competent, but not his testimony as to what he sold them for at retail, especially after transporting them from place of delivery into surrounding county.

5. Appeal and Error.—In action against railroad company for conversion of watermelons, admission of peddler's testimony as to retail prices received by him for melons sold to him by defendant held prejudicial error, in absence of other evidence of market value thereof.

6. Carriers.—In action against railroad company for conversion of watermelons, instruction to award plaintiff such damages as jury believed he had sustained, without giving jury any guide whereby to measure such damage, was erroneous.

7. Trover and Conversion.—Ordinarily, measure of recovery in action for conversion is fair market value of property at time and place of conversion.

8. Carriers.—The measure of damages for carrier's conversion of goods intrusted to it for transportation is value of goods at time and place of conversion, less freight charges.

9. Carriers.—In shipper's action against railroad company for conversion of watermelons, court should have confined evidence and

instructions on question of damages to value of goods at time and place of conversion, and excluded all testimony as to expense to which plaintiff was put in investigating and preparing case against defendant.

10. Carriers.—Railroad company not exacting prepayment of freight charges was not entitled thereto until it transported and delivered articles shipped in accordance with bill of lading, and, having converted shipment by delivering it to one not entitled thereto, cannot collect freight from true owner on counterclaim in action for conversion.

WOODWARD, WARFIELD & HOBSON and LOW & BRYANT for appellant.

M. H. RHORER and A. W. RHORER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing in part and affirming in part.

The appellee, Frank H. Johnson, brought this suit against the appellant to recover for the conversion by the latter of a carload of watermelons shipped by him from Oaktown, Ind., to Middlesboro, Ky. He recovered a judgment in the sum of $275, and the counterclaim of the appellant in the sum of $154.51 for the freight on this carload of watermelons was dismissed. The appellant prays an appeal from this judgment.

The appellant first insists that its demurrer to the petition of the appellee should have been sustained. This petition avers that the appellee "shipped a carload of watermelons to Lovett Fruit & Produce Company from Oaktown, Indiana, to Middlesboro, Ky., in A. C. L. car No. 37913." Of course, it is fundamental that delivery to the carrier ordinarily passes the title of the shipment to the consignee. There is nothing in the petition to take this shipment out of this general rule, from which it inevitably follows that under the averments in the petition the title to these watermelons at the time of the alleged conversion was in the Lovett Fruit & Produce Company and not in the appellee. Hence he stated no basis for any recovery for such conversion. It will not be necessary to discuss whether this defect in the petition was cured by the answer and counterclaim of the appellant which showed the facts to be as they actually were, namely, a shipment of watermelons under a bill of lading in which the appellee was both consignor and consignee and by the trial of the case on the basis of such facts so alleged (see Elk Valley Coal Mining Co. v. Willis & Meredith,

149 Ky. 449, 149 S. W. 894; B. & O. S. W. R. Co. v. J. A. Wood & Co., 130 Ky. 839, 114 S. W. 734), as this case must be reversed for other reasons, and the appellee may amend his petition on the return of this case to the lower court.

To understand the other grounds relied upon for a reversal, a brief statement of the facts is necessary. The appellee shipped the watermelons in question from Indiana to Middlesboro under a bill of lading in which he was both consignor and consignee. He attached this bill of lading to a sight draft, drawn upon a fruit and produce company located at Middlesboro, and sent it to that place for collection through banking circles. On the arrival of the watermelons at Middlesboro, the appellant delivered them to this fruit and produce company without requiring a surrender of the bill of lading. Indeed, the fruit and produce company did not have the bill of lading, never having paid the draft. After receiving the watermelons and removing a number of them from the car, the fruit and produce company undertook to reject the balance of the shipment under the claim that the watermelons were spoiled. The appellant at once wired the appellee that the shipment had been refused, but did not tell the appellee of the delivery of the car to the fruit and produce company and its removal and retention of a number of the melons from it. Appellee, in ignorance of these matters, wired the appellant to hold the car for diversion orders, and at once came to Middlesboro, arriving there the next day. The appellant, fearing, as it says, a further deterioration in the melons, sold them before appellee's arrival to a peddler for $20. He in turn retailed them from 40 cents to 60 cents a piece, realizing about $500 out of his purchase. When appellee got to Middlesboro and found his watermelons gone he brought this suit.

Appellee is correct in his position that the delivery by the appellant of these watermelons to the fruit and produce company and the removal and retention by the latter of a large number of these melons without the surrender to the appellant of the bill of lading constituted a conversion of the melons by it. In Orange National Bank v. Southern Pacific Co., 162 La. 223, 110 So. 329, 56 A. L. R. 1167, a shipment of condensed milk was sent from New York to New Orleans under a bill of lading in which the consignor was both consignor and consignee.

The bill of lading was attached to a draft drawn upon Goodman & Beer, Incorporated, and sent through banking circles for collection. The Southern Pacific Company was the delivering carrier and delivered the milk to Goodman & Beer under an indemnity bond without requiring a surrender of the bill of lading. Goodman & Beer never paid the draft nor secured possession of the bill of lading. The Southern Pacific was held liable for the conversion of the milk. See, also, Marshall, etc., Grain Co. v. Kansas City, etc., R. Co., 176 Mo. 480, 75 S. W. 638, 98 Am. St. Rep. 508; 10 C. J. 257. See note in 38 L. R. A. 358. The court aptly submitted this part of the case to the jury.

On the question of damages there was but little competent evidence offered by appellee to sustain his claim. That of the peddler as to what he got for these melons when he retailed them was clearly incompetent, as their retail price, especially after they had been transported from Middlesboro out into the surrounding county, was no index to their wholesale value at the time of the conversion. Of course, his evidence as to the condition of the melons was competent, but not what he was able to sell them for at retail. The court should have excluded this evidence, and as it was about all the appellee had to establish the market value of the melons, its admission was prejudicial.

Further, the instruction of the court on this branch of the case was erroneous in that he told the jury, in substance, that if it found for appellee, it should award him "such damages" as it believed "he had sustained" without giving the jury any guide whereby to measure such damage. C. & O. R. Co. v. Holbrook, 208 Ky. 488, 271 S. W. 583; Jackson v. Cook, 222 Ky. 409, 300 S. W. 853; Heitt v. Smith, 205 Ky. 78, 265 S. W. 482. Ordinarily in an action for conversion, the measure of recovery is the fair market value of the property at the time and place of the conversion. Cable Co. v. Greenfield, 196 Ky. 314, 244 S. W. 692.

In the case of carriers, the rule is as thus stated in the Orange National Bank case supra:

"The rule is that the measure of damages for a conversion by the carrier of goods intrusted to it for transportation is the value of the goods at the time and place of the conversion. 10 C. J., p. 277,

par. 396; 4 R. C. L., p. 929, par. 386. From this amount the freight charges on the shipment should be deducted, for the payment of such charges is necessary to enable the shipper or holder of the bill to obtain possession of the shipment, and the shipper or holder should not be permitted to enrich himself at the expense of the carrier. See Hutchinson, Carr., sec. 1375; 10 C. J., p. 277, par. 396.''

In 56 A. L. R. 1171, may be found a note collecting the authorities in accord with this Orange National Bank case.

The court should have confined the evidence and instructions to this proposition, and excluded all that testimony bearing on the expense appellee had been put to in investigating and preparing his case against appellant.

In so far as appellant's counterclaim is concerned, since the appellant did not exact a prepayment of the freight, it was not entitled to such freight until it had transported and delivered the shipment in accordance with the bill of lading. 10 C. J. 447. It converted this shipment by delivering it to one not entitled to it, for which reason appellant cannot now collect the freight from the true owner. It has not complied with its contract expressed in its bill of lading to carry and deliver these melons to appellee. Hence it cannot recover the consideration for the undertaking it never carried out.

The appeal is granted, and judgment therefore on the claim set up in the appellee's petition is reversed, but on the claim set up in appellant's counterclaim it is affirmed.