# American Tobacco Co. v. Whitney.

June 19, 1942.

Manly & Gaillard for appellant.

Trabue, Doolan, Helm & Stites, and H. W. Vincent for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment dismissing plaintiff's petition after demurrers to certain paragraphs of the defendant's amended and substituted answer had been overruled and plaintiff had declined to plead further.

The plaintiff, American Tobacco Company, alleged in its petition that the defendant, A. M. Whitney, who trades and does business under the name of Whitney Transfer Company, was at all times mentioned therein engaged in business as a common carrier of goods for hire, and that on November 19, 1936, plaintiff delivered to defendant 350,000 Lucky Strike cigarettes of the value of $1,921.50, and for the consideration of $6.16, then paid, defendant agreed to carry safely and deliver them to Fred Schroeder & Son and the Creasey Company, both of Evansville, Indiana, and delivered to plaintiff bills of lading covering the two shipments; that defendant failed to deliver the cigarettes to the consignees, but that said cigarettes, while being transported from Louisville, Kentucky, to Evansville, Indiana, were totally destroyed by fire which occurred when the truck in which they were being carried turned over as a result of an accident. It further alleged that defendant had paid or caused to be paid to plaintiff the sum of $500 on account of the loss, but had failed and refused to pay the balance of the loss, amounting to $1,421.50, and it asked judgment for that amount. The plaintiff filed with its petition copies of the bills of lading and of the original invoices. The invoices show that it had sold to Fred Schroeder & Son 150,000 cigarettes for $823.50, and to the Creasey Company 200,000 cigarettes for $1,098. It appears that $500 was paid to plaintiff by the defendant's fire insurance carrier, the Fireman's Fund Insurance Company. The defendant filed an answer which was a traverse, and a special pleading styled "Plea of Estoppel and Payment" which was later amended. A demurrer to the plea of estoppel and payment as amended was sustained, and defendant then filed an amended answer alleging that plaintiff had assigned and subrogated its rights in the claim to the Fireman's Fund Insurance Company. A demurrer to this amended answer was sustained. The

defendant then filed an amended and substituted answer which contained five paragraphs. In paragraph 1 the defendant denied that he had knowledge or information sufficient to form a belief as to whether or not the shipments contained 350,000 Lucky Strike cigarettes or as to what number were in the shipments, or as to whether the shipments were of the value of $1,921.50. In paragraph 2 the defendant alleged that the shipment was interstate, and that the provisions of the Interstate Commerce Act applied; that the defendant did not hold himself out as a common carrier for the shipment of cigarettes between 6 p. m. and 6 a. m. except in limited quantities, and that he agreed to transport these two shipments of larger quantities under a special contract limiting his liability to a maximum of $500, and that payment of that sum had been made. In paragraph 3 the defendant alleged that he was a common carrier engaged in interstate commerce and held out to the public generally that he would transport cigarettes only between the hours of 6 a. m. and 6 p. m. except in limited quantities; that the plaintiff requested and induced the defendant to transport for it the shipments of cigarettes mentioned in the petition under a special contract of carriage and not as a common carrier; that he did undertake to and did transport said shipments under such special contract; and that under the special contract defendant's liability was limited to $500. In paragraph 4 the defendant alleged that the plaintiff, despite the agreement made by it as to limitation of liability for damages for the loss of cigarettes in any one truck, made claim against the defendant for loss of the shipments mentioned in the petition in the amount of $1,921.50, and also made claim against the defendant's insurer, the Fireman's Fund Insurance Company, and filed a claim with the insurance company with proof of its loss, and in its claim filed with the insurance company agreed to accept in full payment, satisfaction, and compromise of all claims by reason of the loss the sum of $500. In paragraph 5 the defendant alleged that the check issued by the Fireman's Fund Insurance Company stated on its face ''In full settlement of all claims for loss to cargo by fire 11/19/36,'' and was made payable to the defendant and the plaintiff, and plaintiff accepted same in full settlement and compromise of all claims arising out of the loss of the two shipments. The plaintiff demurred to paragraphs 2, 3, 4, and 5 of the amended and substituted answer,

and the demurrer as to each paragraph was overruled. The propriety of that ruling is the question presented by this appeal.

It is appellant's contention that the substituted answer fails to state facts sufficient to constitute a defense and that the demurrer should have been sustained because (1) there is no allegation that appellee had the authority of the Interstate Commerce Commission to limit his liability; (2) there is no allegation that the appellant was offered the essential alternative choice of rates; and (3) there is no allegation that there was a disputed amount or that the damages were unliquidated to support the plea of payment and discharge. Appellee insists that regardless of the defenses set up in the substituted answer and regardless of their sufficiency or insufficiency the judgment dismissing the petition was proper because it was not alleged specifically in the petition that the plaintiff owned or had any interest in the shipments involved or that it was the lawful holder of the bills of lading. The Interstate Commerce Act provides that "any common carrier * * * receiving property for transportation from a point in one State * * * to a point in another State * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property, caused by it * * *." U. S. C. A., Title 49, Section 20 (11). Undoubtedly the petition should allege facts showing a basis for recovery under the Act, and one of the requirements entitling the plaintiff to recover for any loss is that he must be the lawful holder of the bill of lading. Pennsylvania Railroad Company v. Olivit, 243 U. S. 574, 37 S. Ct. 468, 61 L. Ed. 908; Davis v. Livingston, 9 Cir., 13 F. (2d) 605; Louisville & N. R. Company v. Johnson, 226 Ky. 322, 10 S. W. (2d) 1104; Illinois Central R. Company v. Stimson, 207 Ky. 78, 268 S. W. 835. The petition in the present case alleged that the defendant delivered to the plaintiff bills of lading and copies of the bills were filed with and made a part of the petition. The petition also alleged that defendant had paid or caused to be paid to plaintiff the sum of $500 on account of the loss, but had failed to pay the balance of the loss. We think the petition, read as a whole, shows that plaintiff was the owner of the goods and the one entitled to recover for any loss, and the defendant admitted this fact and paid $500 of the loss. The dispute was as to his liability for the balance of the loss and not

as to the ownership of the goods. Furthermore the defect, if any, in the petition was cured by the substituted answer which conceded that plaintiff was entitled to recover for the loss but pleaded as a defense that it had been paid in full. Director General of Railroads v. Chapman's Adm'x, 195 Ky. 364, 242 S. W. 365.

The Motor Carrier Act enacted August 9, 1935, being part 2 of the Interstate Commerce Act, governs the shipment in question. 49 U. S. C. A., Section 301 et seq. Section 319, Title 49 U. S. C. A., reads:

"The provisions of Section 20(11) of this title shall apply with like force and effect to receipts or bills of lading of common carriers by motor vehicle."

Section 20(11), Title 49 U. S. C. A., in addition to the provisions heretofore quoted, provides that:

"Any such common carrier * * * shall be liable to the lawful holder of said receipt, or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void: * * * Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply * * * second, to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or re-

leased, and shall not, so far as relates to values, be held to be a violation of Section 10 of this chapter; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared or agreed upon; and the commission is empowered to make such order in cases where rates dependent upon and varying with declared or agreed values would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation.''

It is not alleged in the substituted answer that the appellee had procured authority from the Interstate Commerce Commission to limit his liability or that he had filed a tariff schedule with the Commission establishing rates varying with declared or agreed values. The Interstate Commerce Act makes the carrier liable to the shipper for full damages sustained notwithstanding any limitation of liability in the bill of lading with the exception that where a carrier by authority or direction of the Interstate Commerce Commission maintains rates dependent upon the value of the property declared in writing by the shipper, such declaration also limits liability of the carrier for loss or damage to an amount not in excess of the declared value. There was no limitation of liability in the bills of lading issued to appellant by appellee, but the latter relies upon an outside agreement. Typed across the face of the bills of lading issued to appellant was the following: ''This shipment is tendered and received subject to the terms and conditions of Carrier's Bill of Lading as shown in the Tariff and classification filed with the I. C. C.'' Appellant admitted in his substituted answer that he was a licensed common carrier engaged in interstate commerce in the states of Kentucky and Indiana and authorized to transport shipments between Louisville, Kentucky, and Evansville, Indiana, but as heretofore stated he failed to allege that authority for the special contract limiting his liability upon which he relied as a defense had been procured from the Interstate Commerce Commission or that he had filed with the Commission a tariff for such a contract. In the absence of such a showing the contract is void. Union Pacific R. Company v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656; Chicago & Alton R. Company v. Kirby, 225 U. S. 155, 32 S. Ct. 648,

56 L. Ed. 1033, Ann. Cas. 1914A, 501; Thomas v. National Delivery Association, D. C., 24 F. Supp. 171; Axton-Fisher Tobacco Company v. Ziffrin Truck Lines, D. C., 36 F. Supp. 777, 778. In the last-cited case, the Axton-Fisher Tobacco Company delivered to the Ziffrin Truck Lines, a common carrier, 200 cases of cigarettes for immediate shipment. The shipment was lost in transit, and the tobacco company sued the carrier for its value. The carrier defended on the ground that the plaintiff agreed to accept a policy of insurance purchased for it by the defendant in lieu of the defendant's common-law liability as a common carrier. In disallowing the defense, the court said:

"If the facts are as claimed by the plaintiff, namely, that the insurance was issued in addition to the carrier's common law liability, the plaintiff is entitled to a judgment as a matter of law as the receipt of the shipment and the failure to deliver are admitted by the carrier. If the facts are as claimed by the carrier, namely, that the insurance was issued and accepted in lieu of the carrier's common law liability, such an agreement is illegal and leaves the plaintiff in a position to recover from the carrier on its common law liability."

And further:

"The provisions of the Federal statute [49 U. S. C. A., Section 20(11)] relied upon by the plaintiff appear to be plainly expressed and to have the legal effect of making invalid any such alleged agreement as is relied upon by the carrier in the present action."

The facts alleged in paragraphs 4 and 5 of the substituted answer do not sustain the conclusion stated therein that appellant accepted the Fireman's Fund Insurance Company's check for $500 in full settlement of its claim of $1,921.50. The facts alleged in these two paragraphs show that the check was accepted in full settlement of the claim against the insurance company. Its policy was for $500, and that was the only amount claimed, or that could be claimed, from it.

The judgment is reversed, with directions to sustain the demurrer to paragraphs 2, 3, 4, and 5 of the substituted answer, and for further proceedings consistent herewith.